**2005 Active Duty For A Period Of More Than 30 Days**
Active duty under a call or order that does not specify a period of 30 days or less (10 U.S.C. 101(23)).

*My orders to NAVRESREDCEN Treasure Island California 1994 to Discharge 31 August 1996 did not specify 30 days or less. As FTS reserve officer I was on active duty orders as given by 2005. Please note the word "**or**" in the phrase "under a call or order".*

**2019 Disability Benefits**

a. Active Duty. Disability retirement pay and severance pay, authorized by 10 U.S.C., Chapter 61, provided for members, who, if otherwise qualified, become Unfit to continue naval service because of physical disability acquired or aggravated while entitled to receive basic pay. Once released from active duty and no longer entitled to receive base pay, members or former members are not authorized benefits under 10 U.S.C., Chapter 61, even though their disabilities are service connected. Rather, such members or former members must file separate disability claims with the Department of Veterans Affairs (VA).

b. Reserve Component Members. A Reserve component member shall be adjudicated under the statutory provisions applicable to his or her duty status at the time of onset or aggravation of the condition for which the member is determined Unfit. This means a Ready Reserve member not on extended active duty at the time of his or her referral into the DES, but who is determined Unfit for a disability incurred or aggravated while the member was on a call to active duty of more than 30 days, comes under the provisions of 10 U.S.C. 1201 - 10 U.S.C. 1203 and not 10 U.S.C. 1204 - 1206 (reference (a)). In such a situation, "in line of duty while entitled to basic pay" rather than "proximate result" is the applicable statutory requirement for entitlement to disability compensation.

*2019.a does not apply as I went into the Naval Reserves with the known disability and I fall under 2019.b* .

*2019.b My psoriatic arthritis was incurred in an active duty status on active duty over 30 days as given by 2005.*

**2051 Non-Duty Related Impairments**

Impairments of members of the Reserve components that were neither incurred nor aggravated while the member was performing duty, to include no incident of manifestation while performing duty which raises the question of aggravation . Members with nonduty related impairments are eligible to be referred to the PEB for solely a Fitness determination but not a determination of eligibility for disability benefits.

*2051 does not apply as my conditions were incurred while on orders over 30 days and no aggravation has ever been claimed.*

**2072 Prior Service Impairments**
Any medical condition incurred or aggravated during one period of service or authorized training in any of the Armed Forces that recurs or is aggravated during later service or authorized training, regardless of the time between. Prior Service Impairments normally should be considered incurred in the line of duty provided the condition or subsequent aggravation was not the result of the member's misconduct or willful negligence. See paragraph 3409.

*2072 my psoriatic arthritis was incurred during a period of service that ended with an issuance of a DD-214 on 31 August 1996 and my later service started 1 September 1996.*

**2073 Proximate Result**
A permanent disability the result of, arising from, or connected with active duty, annual training , active duty for training, or inactive duty training (IDT), (etc.) to include travel to and from such duty or remaining overnight between successive periods of inactive duty training. Proximate result is a statutory criteria for entitlement to disability compensation under Chapter 61 of reference (a) applicable to Reserve component members who incur or aggravate a disability while performing an ordered period of military duty of 30 days or less.

*2073 does not apply as my disability was incurred while on orders over 30 days and was never aggravated. A "proximate result" cannot be used only a "line of duty" finding.*

**2038 Incurred While Entitled To Receive Basic Pay**

a. "Incurred " refers to the date or time when a disease or injury is contracted or suffered, as distinguished from a later date, when the PEB determines that a member has become Unfit to continue naval service as a result of such disease or injury. Physical disability due to natural progression of disease or injury is "incurred" at the time the disease or injury causing the disability is contracted. When the increase in physical impairment during service is in excess of that due to natural progression of the disease or injury, the increase is due to aggravation by service.

b. "While entitled to receive basic pay" encompasses all types of duty, which entitled the member concerned to receive active duty basic pay. It also includes any duty without pay, which may be counted the same as duty with pay, such as reserve personnel drilling in non-pay billets. For purposes of administering disability benefit under 10 U.S.C., Chapter 61, midshipmen are not entitled to receipt of basic pay. In addition, members in an appellate or excess leave status are not entitled to receive basic pay. This definition shall not be construed to entitle any member not on active duty, who, at the time of separation from active duty was considered Fit to continue naval service, to benefits under 10 U.S.C., Chapter 61, because of an increase in impairment occurring while the member was not entitled to basic pay.

*2038.a my psoriatic arthritis was "incurred" in 1995 while on active duty.*

*2038.b My condition never increased or was aggravated beyond the known range from when "incurred" in 1995. An increase in Impairment has never been shown while I was in the reserves.*

SECNAVINST 1850.4D section 3309 has specific guidance as to how "Inactive-Duty Reservists with No Notice of Eligibility" are to be processed. Since I am an "Inactive-Duty Reservists with No Notice of Eligibility" this section applies to me as such there is only two options available.

3309.a The first option does not apply since my injury is service incurred and was not aggravated in anyway while in a "non duty status".

3309.b This option applies as I "served on active duty 30 days or more" and I requested "referral to PEB for a condition alleged to have been incurred while on active duty". BUPERS forwarded my case to PEB under this clause. This section does not limit the service member to being recalled only to having been in an "active duty status" when disability was incurred.

b. Members without Medical Waivers. Members undergoing initial active duty for training who incur an injury or condition which was not waived for the purpose of entry into military service, who will not be returned to training in a reasonable period of time, will be referred to the PEB for disability evaluation.

**3309 Inactive-Duty Reservists With No Notice Of Eligibility**

a. When an inactive-duty reservist has not been granted an NOE, or does not have a service incurred injury or aggravating disease, the PEB shall normally determine and record whether the member is *Physically Qualified* or *Not Physically Qualified*.

b. A service member who has served on active duty 30 days or more, has been released from active duty and is now in an inactive duty drilling status and requests referral to the PEB for a condition alleged to have been incurred or aggravated while on active duty, shall be processed into the DES and the PEB shall determine and record whether the member is Fit or Unfit for continued reserve service. Reservists in this instance determined to be Unfit warrant disability retirement or separation pay.

**3310 - 3399 Reserved**

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

6110
PERS-911
NOEREQ
12 Apr 01

From: Commander, Navy Personnel Command
To: President, Physical Evaluation Board
Via: Commander, Naval Reserve Force (Code N01M)

Subj: REQUEST FOR DETERMINATION FOR FITNESS FOR DUTY/PHYSICAL QUALIFICATION FOR RETENTION

Ref: (a) SECNAVINST 1770.3B
(b) SECNAVINST 1850.4D

Encl: (1) Medical Package ICO CDR William R. Havens, USNR-R, 1115

1. Enclosure (1) contains a request for a hearing before the Physical Evaluation Board and background documentation concerning the case.

2. Commander, Naval Reserve Force (N01M) please provide a Notice of Eligibility determination for the case to the President, Physical Evaluation Board, for further processing, per reference (a).

3. For Physical Evaluation Board, CDR Havens alleges that this condition existed prior to his release from Active Duty, therefore if a NOE is not granted by Commander, Naval Reserve Force, please consider a determination for Fit/Unfit as well as a determination for Physical Qualification for retention, per reference (b).

4. Thank you for your assistance. If you have questions, please contact this office, PERS-911, at (901) 874-4489 or DSN 882-4489.

C. L. WILSON, JR.
By direction

Copy to (w/o enclosures)
NAR San Jose
CDR Havens

# Bases for Petition For Relief to PEB

a. **Newly Discovered Evidence**.

In March 2004 I contacted the Medical Department of Commander Naval Reserve Force (CNRF) requesting information. CNRF's medical department informed me that my complete file was missing. My file was the only unaccounted file going back 5 years. To correct this CNRF requested a copy be sent from Commander Navy Personnel Command. A courtesy copy was mailed to me and on review I discovered my physical dated 21 October 2000 had been altered from "Qualified" to "Not Qualified". This newly discovered evidence of fraud is addressed under Fraud.

b. **Fraud, Misrepresentation, other Misconduct.**

My physical dated 21 October 2000 was altered prior to being sent to PEB in an attempt to show "aggravation" of condition while in the reserves. Attached is letter from Navy Personnel Command (MILPERS) dated 7 Oct 2004 documenting the two versions of the SF88 submitted. The first version which matches the original currently in my medical record shows "Qualified" was sent to BUMED in December 2000. The second altered copy was sent to PEB in April 2001 and shows "Not Qualified" the only reason to alter this SF88 was to show "aggravation" of my condition while in the reserves. Proof of Fraud is;

The altered SF88 does not match the original in the medical record.

Additional facts that supports fraud;
SF88 can only be modified using addendums and not line outs.
Only a Doctor can make a change.
By Navy Regulations any negative change in a record must be provided to the service member and that member must be provided a chance to comment.

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

6110
PERS-4911
7 Oct 04

From: Commander, Navy Personnel Command
To: CDR William R. Havens, USNR-R(RET)

Ref: (a) CDR Havens' email of 20 Sep 04

Encl: (1) Copy of SF88 dated 21 Oct 00, blk 77 showing PQ
(2) Copy of SF88 dated 21 Oct 00, blk 77 showing NPQ

1. Per reference (a), the following information provided shows documentation as it was filed in the historical files.

2. Enclosure (1) was received at PERS-49 January 2001 as part of the retention package submitted to BUMED for Physical Qualification determination recommendation as indicated on the cover letter of the package. Enclosure (2) was received at PERS-49 April 2001 as part of the Final determination for Fitness submitted to the Physical Evaluation Board as indicated on the cover letter of the package.

3. If you have any questions concerning this matter, please contact this office, PERS-4911, at (901) 874-4489/4483.

S. M. O'BRIEN
By direction

**DEPARTMENT OF THE NAVY**
NAVAL AIR RESERVE CENTER
995 E. MISSION STREET
SAN JOSE, CALIFORNIA 95112-1699

IN REPLY REFER TO:

6120
Ser N91/407
1 Dec 00

From: Commanding Officer, Naval Air Reserve Center San Jose
To: Chief, Bureau of Naval Personnel (PERS-911)
Via: (1) Commanding Officer, NAVAIRES Point Mugu
(2) Chief, Bureau of Medicine and Surgery (Code 25)

Subj: DETERMINATION FOR RETENTION IN THE NAVAL RESERVE ICO CDR WILLIAM A. HAVENS,

Ref: (a) NAVMED P-117
(b) BUPERSINST 1001.39C

Encl: (1) Report of Medical Examination (SF 88) of 21 Oct 00
(2) Report of Medical History (SF 93) of 21 Oct 00
(3) VA Medical Center Treatment Report
(4) VA Medical Center Radiology Report
(5) VA Ltr 343/211/ty of 24 Sep 97
(6) NARCEN San Jose Ltr 6120 Ser N5/201 of 02 Jun 00
(7) NAVPERS 1070/613 of 31 May 00
(8) Member's Personal Statement of 28 Nov 00

1. Forwarded. Per references (a) and (b), enclosures (1) through (8) are submitted for review.

2. Point of contact is HM2 Corpus or HM2 Kho at (408) 294-3070 Ext. 52, FAX (408) 294-5951/6152.

J. F. LOWDER

Copy to:
CO, NAVAIRES Point Mugu
Chief, BUMED (Code 25)

Enclosure (1)

00046

Revised April 1968
General Services Administration
Interagency Comm. on Medical Records
FPMR 101-11.809-3

# REPORT OF MEDICAL EXAMINATION

1. LAST NAME—FIRST NAME—MIDDLE NAME: Havens, William Richard
2. GRADE AND COMPONENT OR POSITION: O5/CDR USNR
3. IDENTIFICATION NO. SSN#
4. HOME ADDRESS (Number, street or RFD, city or town, State and ZIP Code)
5. PURPOSE OF EXAMINATION: Retire/MPC
6. DATE OF EXAMINATION: 10-21-00
7. SEX: Male
8. RACE: Cau
9. TOTAL YEARS GOVERNMENT SERVICE — MILITARY: 27 — CIVILIAN
10. AGENCY: DOD/DO NAVY
11. ORGANIZATION UNIT
12. DATE OF BIRTH
13. PLACE OF BIRTH: Rochester NY
14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN: H.C. Havens (same #4) wife
15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS: Branch Clinic, USCG, Coast Guard Island, Alameda, California N&MCRC, Med. Dept., San Jose, CA. 95112-1699
16. OTHER INFORMATION: Relig. Pref.: Ca
17. RATING OR SPECIALTY: Rate/Officer Designator 1115 — TIME IN THIS CAPACITY (Total): 20 — LAST SIX MONTHS: 6

## CLINICAL EVALUATION

| NORMAL | (Check each item in appropriate column; enter "NE" if not evaluated.) | ABNORMAL |
|---|---|---|
| ✓ | 18. HEAD, FACE, NECK AND SCALP | |
| ✓ | 19. NOSE | |
| ✓ | 20. SINUSES | |
| ✓ | 21. MOUTH AND THROAT | |
| ✓ | 22. EARS—GENERAL (Int. & ext. canals) (Auditory acuity under items 70 and 71) | |
| ✓ | 23. DRUMS (Perforation) | |
| ✓ | 24. EYES—GENERAL (Visual acuity and refraction under items 59, 60 and 67) | |
| ✓ | 25. OPHTHALMOSCOPIC | |
| ✓ | 26. PUPILS (Equality and reaction) | |
| ✓ | 27. OCULAR MOTILITY (Associated parallel movements, nystagmus) | |
| ✓ | 28. LUNGS AND CHEST (Include breasts) | |
| ✓ | 29. HEART (Thrust, size, rhythm, sounds) | |
| ✓ | 30. VASCULAR SYSTEM (Varicosities, etc.) | |
| ✓ | 31. ABDOMEN AND VISCERA (Include hernia) | |
| ✓ | 32. ANUS AND RECTUM (Hemorrhoids, fistulae) (Prostate, if indicated) | |
| ✓ | 33. ENDOCRINE SYSTEM | |
| ✓ | 34. G-U SYSTEM | |
| | 35. UPPER EXTREMITIES (Strength, range of motion) | ✓ |
| | 36. FEET | ✓ |
| | 37. LOWER EXTREMITIES (Except feet) (Strength, range of motion) | |
| ✓ | 38. SPINE, OTHER MUSCULOSKELETAL | |
| ✓ | 39. IDENTIFYING BODY MARKS, SCARS, TATTOOS | |
| | 40. SKIN, LYMPHATICS | ✓ |
| ✓ | 41. NEUROLOGIC (Equilibrium tests under item 72) | |
| ✓ | 42. PSYCHIATRIC (Specify any personality deviation) | |
| | 43. PELVIC (Females only) (Check how done) ☐ VAGINAL ☐ RECTAL | |

NOTES. (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary.)

AA: Favorable/Unfavorable
SBT: Steady/ Unsteady
VALSALVA: WNL/ Abnormal

#32 Prostate - WNL
Hemoccult ⊖

- swelling DIP joint Ⓛ 4th finger
swelling 1st + 2nd toes bilat.

#39 Identifying Body Marks/ Scars/ Tattoos None
Raised Red plaque perianal + buttock crease

(Continue in item 73)

44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.) — Restorable teeth; Non-restorable teeth; Missing teeth; Replaced by dentures; Fixed Partial dentures

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT | X 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 X LEFT |
| | X 32 | 31 | 30 | 29 | 28 | 27 | 26 | 25 | 24 | 23 | 22 | 21 | 20 | 19 | 18 | 17 X |

REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES: T2 Dental Examination
TYPE 2 3 EXAM
CLASS 1 2 3 4
DENTALLY QUALIFIED YES NO
Qualified: Yes No

## LABORATORY FINDINGS

45. URINALYSIS: A. SPECIFIC GRAVITY
B. ALBUMIN: NEG
C. SUGAR: NEG
D. MICROSCOPIC: - NEG
46. CHEST X-RAY (Place, date, film number and result)
47. SEROLOGY (Specify test used and result): RPR: NR
48. EKG: WNL
49. BLOOD TYPE AND RH FACTOR: O POS
50. OTHER TESTS: GLU 99 CHOL 163 TRIG 128 LDL 103
HCT 44.1 HDL 34 HIV NEG
G6PD NORM SCT NEG

88-110

Enclosure (1)

00047

MEASUREMENTS AND OTHER FINDINGS

| 51. HEIGHT | 52. WEIGHT | 53. COLOR HAIR | 54. COLOR EYES | 55. BUILD | 56. TEMPERATURE |
|---|---|---|---|---|---|
| 71 | 205 | Blk/brn | Brown | ☐ SLENDER ☒ MEDIUM ☐ HEAVY ☐ OBESE | 98.1 |

57. BLOOD PRESSURE (Arm at heart level)

| A. SITTING | | B. RECUMBENT | | C. STANDING (3 min.) | |
|---|---|---|---|---|---|
| SYS. | 130 | SYS. | | SYS. | |
| DIAS. | 80 | DIAS. | | DIAS. | |

58. PULSE (Arm at heart level)

| A. SITTING | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN. |
|---|---|---|---|---|
| 66. | | | | |

| 59. DISTANT VISION | | 60. REFRACTION | | | 61. NEAR VISION | | |
|---|---|---|---|---|---|---|---|
| RIGHT 20/ >200 | CORR. TO 20/ 25 | BY | S. | CX | 20/200 | CORR. TO 20/25 | BY |
| LEFT 20/ >200 | CORR. TO 20/ 20 | BY | S. | CX | 20/200 | CORR. TO 20/25 | BY |

62. HETEROPHORIA (Specify distance)

ES° EX° R. H. L. H. PRISM DIV. PRISM CONV. CT PC PD

| 63. ACCOMMODATION | 64. COLOR VISION (Test used and result) | 65. DEPTH PERCEPTION (Test used and score) | UNCORRECTED / CORRECTED |
|---|---|---|---|
| RIGHT LEFT | F 9/9 | | |
| **66. FIELD OF VISION** | **67. NIGHT VISION (Test used and score)** | **68. RED LENS TEST** | **69. INTRAOCULAR TENSION** |
| | | | |

70. HEARING

RIGHT WV /15 SV /15

LEFT WV /15 SV /15

71. AUDIOMETER

| | 250 256 | 500 512 | 1000 1024 | 2000 2048 | 3000 2896 | 4000 4096 | 6000 6144 | 8000 8192 |
|---|---|---|---|---|---|---|---|---|
| RIGHT | — | 05 | 00 | 00 | 20 | 20 | 20 | — |
| LEFT | — | 05 | 10 | 25 | 40 | 50 | 50 | — |

72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score)

73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY

This Physical Exam has been reviewed for completeness and accuracy by:

Signature Date

(Use additional sheets if necessary)

74. SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)

Psoriasis

arthritis - Dx'ed as psoriatic arthritis

75. RECOMMENDATIONS—FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify)

Board Review for "Psoriatic Arthritis" Hx

76. A. PHYSICAL PROFILE

| P | U | L | H | E | S |
|---|---|---|---|---|---|
| | | | | | |

77. EXAMINEE (Check) Retention in the USN-R PQ to Perform all duties of His/Her Rank/Rate at Sea or on Foreign Shores.

A. ☒ IS QUALIFIED FOR

B. ☐ IS NOT QUALIFIED FOR Pending Board Review PQ & AA for DIACA/DIF AS SG- I/II/III

B. PHYSICAL CATEGORY

| A | B | C | E |
|---|---|---|---|
| | | | |

78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER

79. TYPED OR PRINTED NAME OF PHYSICIAN: G J RUMORE CAPT MC USNR — SIGNATURE: [signature]

80. TYPED OR PRINTED NAME OF PHYSICIAN — SIGNATURE

81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which): [signature] Koslowski — SIGNATURE: Laura S Koslowski

82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY — SIGNATURE — NUMBER OF ATTACHED SHEETS

GPO: 1971 446-044/15

Enclosure (1)

**DEPARTMENT OF THE NAVY**
NAVAL AIR RESERVE CENTER
995 E. MISSION STREET
SAN JOSE, CALIFORNIA 95112-1699

IN REPLY REFER TO:

6120
Ser N23/0115
4 APR 01

From: Commanding Officer, Naval Air Reserve Center San Jose
To: Central Physical Evaluations Board, Washington DC
Via: (1) Commander, Navy Personnel Command
(2) Commander, Naval Reserve Force (N01M)

Subj: FINAL DETERMINATION FOR FITNESS FOR RETENTION ICO CDR WILLIAM R. HAVENS, USNR-R, : 5

Ref: (a) COMNAVRESFORINST 1001.39C

Encl: (1) Report of Medical Examination dated 21 October 2000
(2) Report of Medical History dated 21 October 2000
(3) Non-Medical Assessment
(4) Request for Physical Evaluations Board with statement
(5) NAVPERS 1070/613 dated 15 March 2001

1. Forwarded. Per reference (a), enclosures (1) through (5) are submitted for review and action.

2. Point of contact is HM2 Corpus at (408) 294-3070 Ext. 157, FAX (408) 294-6152.

J. F. LOWDER

Copy to:
CO, NR VTU 8787

Enclosure (2)

Revised April 1968
General Services Administration
Interagency Comm. on Medical Record
FPMR 101-11.809-3

# REPORT OF MEDICAL EXAMINATION

| | | |
|---|---|---|
| 1. LAST NAME—FIRST NAME—MIDDLE NAME: HAVENS, WILLIAM RICHARD | 2. GRADE AND COMPONENT OR POSITION: 05/CDR/USNR | 3. IDENTIFICATION NO. SSN# |
| 4. HOME ADDRESS (Number, street or RFD, city or town, State and ZIP Code) | 5. PURPOSE OF EXAMINATION: Retire/APQ | 6. DATE OF EXAMINATION: 10-21-06 / 10-21-06 |
| 7. SEX: Male | 8. RACE: Cau | 9. TOTAL YEARS GOVERNMENT SERVICE — MILITARY: 20 — CIVILIAN |
| 10. AGENCY: DOD/DO NAVY | 11. ORGANIZATION UNIT | |
| 12. DATE OF BIRTH | 13. PLACE OF BIRTH: Rochester, N.Y. | 14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN: H.C. Havens (same #4) wife |
| 15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS: Branch Clinic, USCG, Coast Guard Island, Alameda, California N&MCRC, Med. Dept., San Jose, CA. 95112-1699 | 16. OTHER INFORMATION: Relig. Cat Pref.: | |
| 17. RATING OR SPECIALTY: Rate/Officer Designator 1115 | TIME IN THIS CAPACITY (Total): 20 | LAST SIX MONTHS: 6 |

## CLINICAL EVALUATION

| NORMAL | (Check each item in appropriate column; enter "NE" if not evaluated.) | ABNORMAL |
|---|---|---|
| ✓ | 18. HEAD, FACE, NECK AND SCALP | |
| ✓ | 19. NOSE | |
| ✓ | 20. SINUSES | |
| ✓ | 21. MOUTH AND THROAT | |
| ✓ | 22. EARS—GENERAL (Int. & ext. canals) (Auditory acuity under items 70 and 71) | |
| ✓ | 23. DRUMS (Perforation) | |
| ✓ | 24. EYES—GENERAL (Visual acuity and refraction under items 59, 60 and 67) | |
| ✓ | 25. OPHTHALMOSCOPIC | |
| ✓ | 26. PUPILS (Equality and reaction) | |
| ✓ | 27. OCULAR MOTILITY (Associated parallel movements, nystagmus) | |
| ✓ | 28. LUNGS AND CHEST (Include breasts) | |
| ✓ | 29. HEART (Thrust, size, rhythm, sounds) | |
| ✓ | 30. VASCULAR SYSTEM (Varicosities, etc.) | |
| ✓ | 31. ABDOMEN AND VISCERA (Include hernia) | |
| ✓ | 32. ANUS AND RECTUM (Hemorrhoids, fistulae) (Prostate, if indicated) | |
| ✓ | 33. ENDOCRINE SYSTEM | |
| ✓ | 34. G-U SYSTEM | |
| | 35. UPPER EXTREMITIES (Strength, range of motion) | ✓ |
| | 36. FEET | ✓ |
| | 37. LOWER EXTREMITIES (Except feet) (Strength, range of motion) | |
| ✓ | 38. SPINE, OTHER MUSCULOSKELETAL | |
| ✓ | 39. IDENTIFYING BODY MARKS, SCARS, TATTOOS | |
| | 40. SKIN, LYMPHATICS | ✓ |
| ✓ | 41. NEUROLOGIC (Equilibrium tests under item 72) | |
| ✓ | 42. PSYCHIATRIC (Specify any personality deviation) | |
| | 43. PELVIC (Females only) (Check how done) ☐ VAGINAL ☐ RECTAL | |

NOTES. (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary.)

AA: Favorable/Unfavorable
SBT: Steady/ Unsteady
VALSALVA: WNL/ Abnormal

#32 Prostate – WNL
Hemoccult ⊖

– swelling DIP joint Ⓛ 4th finger
swelling 1st + 2nd toes bilat.

#39 Identifying Body Marks/ Scars/ Tattoos None
Raised plaque perianal + buttock crease

(Continue in item 73)

44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.)

Restorable teeth — Non-restorable teeth — Missing teeth — Replaced by dentures — Fixed Partial dentures

RIGHT 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 LEFT
32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES: T2 Dental Examination
TYPE ② 3 EXAM
Class 1 2 ③ 4
DENTALLY QUALIFIED YES (NO)
Qualified: Yes No

## LABORATORY FINDINGS

| | | |
|---|---|---|
| 45. URINALYSIS: A. SPECIFIC GRAVITY | | 46. CHEST X-RAY (Place, date, film number and result) |
| B. ALBUMIN: NEG | D. MICROSCOPIC: NEG | |
| C. SUGAR: NEG | | |
| 47. SEROLOGY (Specify test used and result): RPR: NR | 48. EKG: WNL | 49. BLOOD TYPE AND RH FACTOR: O POS |

50. OTHER TESTS: GLU 99 CHOL 163 TRIG 128 LDL 103
HCT 44.1 HDL 34 HIV NEG
G6PD NORM SCT NEG

88-116

Enclosure (2)

00050

MEASUREMENTS AND OTHER FINDINGS

| 51. HEIGHT | 52. WEIGHT | 53. COLOR HAIR | 54. COLOR EYES | 55. BUILD: | 56. TEMPERATURE |
|---|---|---|---|---|---|
| 71 | 205 | Brown | Brown | ☐ SLENDER ☒ MEDIUM ☐ HEAVY ☐ OBESE | 98.1 |

57. BLOOD PRESSURE (Arm at heart level)

| A. SITTING | B. RECUMBENT | C. STANDING (3 min.) |
|---|---|---|
| SYS. 130 DIAS. 80 | SYS. DIAS. | SYS. DIAS. |

58. PULSE (Arm at heart level)

| A. SITTING | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN. |
|---|---|---|---|---|
| 76. | | | | |

| 59. DISTANT VISION | 60. REFRACTION | 61. NEAR VISION |
|---|---|---|
| RIGHT 20/ >200 CORR. TO 20/ 25 | BY S. CX | 20 > 200 CORR. TO 20/25 BY |
| LEFT 20/ >200 CORR. TO 20/ 20 | BY S. CX | 20 > 200 CORR. TO 20/25 BY |

62. HETEROPHORIA (Specify distance)

ES* EX* R. H. L. H. PRISM DIV. PRISM CONV. CT PC PD

| 63. ACCOMMODATION | 64. COLOR VISION (Test used and result) | 65. DEPTH PERCEPTION (Test used and score) | UNCORRECTED / CORRECTED |
|---|---|---|---|
| RIGHT LEFT | F 9/9 | | |

| 66. FIELD OF VISION | 67. NIGHT VISION (Test used and score) | 68. RED LENS TEST | 69. INTRAOCULAR TENSION |
|---|---|---|---|
| | | | |

70. HEARING

RIGHT WV /15 SV /15

LEFT WV /15 SV /15

71. AUDIOMETER

| | 250 | 500 | 1000 | 2000 | 3000 | 4000 | 6000 | 8000 |
|---|---|---|---|---|---|---|---|---|
| RIGHT | — | 05 | 00 | 00 | 20 | 20 | 20 | — |
| LEFT | — | 05 | 10 | 25 | 40 | 50 | 50 | — |

72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score)

73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY

This Physical Exam has been reviewed for completeness and accuracy by:

Signature Date

(Use additional sheets if necessary)

74. SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)

Psoriasis

arthritis - Dx'ed as psoriatic arthritis

75. RECOMMENDATIONS—FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify)

Board Review for "Psoriatic Arthritis" Hist

76. A. PHYSICAL PROFILE

| P | U | L | H | E | S |
|---|---|---|---|---|---|
| | | | | | |

77. EXAMINEE (Check) Retention in the USN-RNPQ to Perform all duties of

A. ☐ IS QUALIFIED FOR His/Her Rank/Rate at Sea or on Foreign Shores.

B. ☒ IS NOT QUALIFIED FOR Pending Board Review ~~PQ & AA for DIAGA/DIF AS SG I/II/III~~

B. PHYSICAL CATEGORY

| A | B | C | E |
|---|---|---|---|
| | | | |

78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER

79. TYPED OR PRINTED NAME OF PHYSICIAN: GJ RUMORE CAPT MC USNR — SIGNATURE: [signature]

80. TYPED OR PRINTED NAME OF PHYSICIAN — SIGNATURE

81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which): [handwritten name] — SIGNATURE: Laura S Kossaurian

82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY — SIGNATURE — NUMBER OF ATTACHED SHEETS

GPO: 1971 446-044/16

Enclosure (2)

# Misrepresentation

In PEB's letter justifying their findings to Lt. Black my assigned JAG states "that section 3309b from SECNAVINST 1850.4D only applies to drilling reservists on recall". This is incorrect as this excludes "prior service" conditions and adds words that are not in section 3309b. Additionally under "FACT number 3" this would apply as I was a FTS member of the reserves a reservist on recall over 180 days.

Later in that same letter PEB states "became a drill reservist after incurrence of a disability makes him ineligible for a fit/unfit finding" again this is incorrect for "prior service" conditions and the my duty status at time of incurrence is what matters not when referred for determination.

PEB then asserts, "my disability would have been addressed prior to discharge from active duty by PEB if referred" as I was being separated for twice failing to select I was not subject to referral under section 3202(g) from SECNAVINST 1850.4D.

**DEPARTMENT OF THE NAVY**
NAVAL COUNCIL OF PERSONNEL BOARDS
720 KENNON STREET SE STE 309
WASHINGTON NAVY YARD DC 20374-5023

IN REPLY REFER TO
1850
NCPB:003
28 Dec 01

From: Director, Naval Council of Personnel Boards
To: LT K. D. Black, JAGC, USNR, Naval Legal Service Office, Southwest

Subj: PEB ISSUES ICO CDR WILLIAM R. HAVENS, USNR-R,

Ref: (a) Your ltr of 20 Dec 01
(b) CDR Havens memo of 21 Dec 01

Encl: (1) DD Form 149

1. In response to references (a) and (b), the following is provided:

a. Commander Haven's entitlement to medical benefits under 10 U.S.C. 1074 is not within the purview of this command to address. Questions regarding this issue are properly addressed to the Bureau of Medicine and Surgery.

b. A review of Commander Havens' case indicates that it was correctly processed in accordance with SECNAVINST 1850.4D. As a drilling reservist without a Notice of Eligibility, Commander Havens can only be classified by the Physical Evaluation Board as either "Physically Qualified" or "Not Physically Qualified". Paragraph 3309b only applies to drilling reservists who incur or aggravate a disability while recalled to active duty for more than thirty days, thus making them ineligible for a "Notice of Eligibility" under SECNAVINST 1770.3B. This paragraph does not apply to Commander Havens' case given his active duty status for over sixteen years and subsequent affiliation with the drilling reserves following his separation from active duty. The fact that he became a drilling reservist after the incurrence of a disability makes him ineligible for a FIT/UNFIT determination per paragraph 3309b. As an active duty member, any disability incurred by Commander Havens was subject to review (assuming referral in accordance with SECNAVINST 1850.4D) by the PEB prior to his separation from active duty.

2. If Commander Havens believes that he was entitled to a disability rating at the time of his separation from active duty, he may apply to the Board for Correction of Naval Records (BCNR) for relief. Enclosure (1) is provided for Commander Havens' use should he subsequently desire to petition BCNR.

R. Claussen
R. CLAUSSEN
By direction

3205 Senn Road
San Diego, California 92136-5090
Tel: (619) 532-6482
Fax: (619) 532-6490
DSN: 522
Email: kdblack@nmcsd.med.navy.mil

**Naval Legal Service Office Southwest PEB Division**

# Fax

| | | | |
|---|---|---|---|
| **To:** | Mr. Roger Claussen | **From:** | LT K. D. Black |
| **Fax:** | DSN 325-6610 | **Pages:** | 1 |
| **Phone:** | | **Date:** | 3 Jan 2002 |
| **Re:** | PEB – CDR William Havens | **CC:** | |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

● **Comments:**

Mr. Claussen,

In regards to your response to CDR Havens, I was unable to find in SECNAVINST 1850.4D that Paragraph 3309b only applies to drilling reservists who are "recalled" to active duty. Is this merely PEB's interpretation or is it actually written in an Instruction? Thank you in advance for your response.

V/r,

LT Kim Black

Encl (2)

00054

# Mistake of Law

1. PEB's Letter dated 4 September 2001 (Notification to Appear before a PEB Formal Board) states in paragraph 3, "only a finding of PQ/NPQ would be considered". This restriction by PEB to the Formal board limits the board to only consider sections 1204, 1205, and 1206 from Chapter 61 of US Code title 10 and this restriction is a mistake of law.
This limitation to consider only a few sections of Chapter 61 goes against the requirements of Section 1214 of that same chapter.
DOD Instruction 1332.38 section E3.P1.3.3.3 specifically states, "At the formal hearing, the member shall be entitled to address any issue that affects the member's benefits under Chapter 61 of 10 U.S.C."

Failure to allow all issues to be addressed precluded me from having a full and fair hearing.

their military duties; and for members determined unfit for duty-related impairments, their entitlement to benefits under Chapter 61 of 10 U.S.C. (reference (b)). Physical disability evaluation shall be conducted by PEBs and include the elements in subsections E3.P1.3.2. through E3.P1.3.5., below.

E3.P1.3.2. Informal PEB. The informal PEB will conduct a documentary review without the presence of the Service member for providing initial findings and recommendations.

E3.P1.3.3. Formal PEB. Eligible Service members shall be provided a minimum of one opportunity for a formal PEB to fulfill the statutory requirement of Section 1214 of reference (b) for a full and fair hearing when requested by a Service member being separated or retired for physical disability under Chapter 61 of reference (b). The Service member's declination of a formal PEB will be documented by the Physical Evaluation Board Liaison Officer (PEBLO) counselor. Appearance before a formal PEB may be in person, through a designated representative, or via video teleconferencing media.

E3.P1.3.3.1. Eligibility

E3.P1.3.3.1.1. Service members determined unfit by the informal PEB shall be granted a formal PEB upon request.

E3.P1.3.3.1.2. Active duty and Ready Reserve members determined fit do not have an entitlement to a formal PEB since a finding of fit does not cause involuntary separation for physical disability.

E3.P1.3.3.1.3. TDRL members determined fit shall be entitled to a formal PEB since removal from the TDRL represents a change in military status.

E3.P1.3.3.2. Directed Formal. A formal PEB may be directed by the final reviewing authority or appropriate designated Military Department authority without regard to the member's election concerning the informal PEB's findings.

→ E3.P1.3.3.3. Issues. At the formal hearing, the member shall be entitled to address any issue that affects the member's benefits under Chapter 61 of 10 U.S.C. (reference (b)); 5 U.S.C. 3502, 5532, 6303, and 8332 (reference (c)); and 26 U.S.C. 104 (reference (f)). Final determination of these issues shall be in accordance with Military Department regulations.

E3.P1.3.3.4. Submission of Informal PEB Rebuttal. Service members

DEPARTMENT OF THE NAVY
NAVAL COUNCIL OF PERSONNEL BOARDS DETACHMENT
PHYSICAL EVALUATION BOARD HEARING PANEL
34425 FARENHOLT AVENUE, SUITE 101
SAN DIEGO, CALIFORNIA 92134-7101

IN REPLY REFER TO:
HPSD
04 SEP 2001

From: Administrator, PEB Hearing Panel San Diego
To: Commander William R. Havens, USNR

00

Subj: NOTIFICATION TO APPEAR BEFORE A PEB FORMAL BOARD

Encl: (1) Formal Hearing Notification Form

1. Your request to appear before a Formal Board of the Physical Evaluation Board has been received. Your assigned military counsel is Lieutenant, Black, JAGC, USNR, and she can be reached at (619) 532-6482. Please call Lieutenant Black to arrange the time of appointment for your pre-hearing consultation that is scheduled for 19 SEP 2001. The formal hearing will be held on 20 SEP 2001.

2. Lieutenant Black will advise you of your rights and assist in the preparation of your case. She will represent you during the hearing, or act as associate counsel, if requested, in the event you desire to exercise your right to be represented by civilian or military counsel of your own choice. If you are being represented by civilian counsel, please provide the name, address and telephone number of the civilian counsel as soon as possible to this office, telephone number (619) 532-6387 or by e-mail sdavid@nmcsd.med.navy.mil.

3. In the evaluation of your physical condition, the Formal Board will conduct the proceeding in all respects as provided for hearings in the case of active duty members, except that it will make <u>only the finding that you are or are not physically qualified</u> for retention in the Reserves.

4. You will not be entitled to reimbursement for mileage or expense in connection therewith. In case you do not desire to bear the expense or, if for any reason, you are unable to report in person to the Formal Board San Diego, on the date specified, you may waive your right to appear in person and elect your assigned military counsel to appear on your behalf and represent you at the hearing.

5. Please return enclosure (1) with your elections.

R. DAVID
By direction

Copy to:
NRC, San Jose, CA 95112-1699

# Mistake of Law

2. A line of duty investigation or line of duty determination was never completed as required. On being notified by Commanding Officer NARC San Jose, California I was being placed NPQ I informed him my injuries were incurred while on active duty over 30 days and specifically point out my discharge physical SF93 dated 27 June 1996 from active duty. Within 7 days of being informed that my incapacitating illness was incurred the Commanding Officer was required to issue "interim" Line of duty determination. This requirement is found in;
SECNAVINST 1770.3B Section 9 Paragraph b.2
Chapter II of JAGMAN part E sections 0221, 0222, and 0232.

**ADMINISTRATIVE REMARKS**
NAVPERS 1070/613 (REV.10-81)
S/N 0106-LF-010-6991 E-32

SHIP OR STATION **NAVAL AIR RESERVE CENTER SAN JOSE**

Date: 15 March 2001

I understand that I am requesting my BUMED/BUPERS determined case be referred to the central Physical Evaluations Board for review and final determination of fitness for retention. The package will be forwarded via COMNAVRESFOR (Code 006) for NOE or disability benefits determination. I understand that a NOE is issued for a service incurred or aggravated condition, but for NOT-WRD conditions that are civilian related or conditions that had their inception prior to my period of Naval Reserve service.

I further understand that if the NOE is denied, I have the right to appeal that decision to the Office of the Judge Advocate General (Code 32) via the chain of command within 30 days of denial.

EARL DULLA
Witness

William R Havens 15 March 2001
Member's Signature / Date

NOTE: My conditions were incurred while in an "ACTIVE DUTY" STATUS

| NAME (Last, First, Middle) | SSN | BRANCH AND CLASS |
|---|---|---|
| HAVENS WILLIAM RICHARD | | USNR |

# Mistake of Law

3. A reserve component member shall be adjudicated under the statutory provisions applicable to his duty status at the time of onset or aggravation of the condition for which the member is determined unfit. This is a direct quote from DOD instruction 1332.38 section E3.P4.3.

# Mistake of Law

4. BUPERS after reviewing the medical documentation referred my case for a "Fit" or "Unfit" finding as required for an injury "incurred" while on active duty for 30 days or more. BUPERS Reserve Officer Program manager used the exact wording for such a referral from SECNAVINST 1850.4D section 3201.b.3 in PERS-911 letter serial NOEREQ dated 12 April 2001 serial 6110. This same wording is also found again in section 3309.b of SECNAVINST 1850.4D. PEB cannot over rule this referral without conducting a "LOD" investigation under section 3410 of SECNAVINST 1850.4.

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

6110
PERS-911
NOEREQ
12 Apr 01

From: Commander, Navy Personnel Command
To: President, Physical Evaluation Board
Via: Commander, Naval Reserve Force (Code N01M)

Subj: REQUEST FOR DETERMINATION FOR FITNESS FOR DUTY/PHYSICAL QUALIFICATION FOR RETENTION

Ref: (a) SECNAVINST 1770.3B
(b) SECNAVINST 1850.4D

Encl: (1) Medical Package ICO CDR William R. Havens, USNR-R, 1115

1. Enclosure (1) contains a request for a hearing before the Physical Evaluation Board and background documentation concerning the case.

2. Commander, Naval Reserve Force (N01M) please provide a Notice of Eligibility determination for the case to the President, Physical Evaluation Board, for further processing, per reference (a).

3. For Physical Evaluation Board, CDR Havens alleges that this condition existed prior to his release from Active Duty, therefore if a NOE is not granted by Commander, Naval Reserve Force, please consider a determination for Fit/Unfit as well as a determination for Physical Qualification for retention, per reference (b).

4. Thank you for your assistance. If you have questions, please contact this office, PERS-911, at (901) 874-4489 or DSN 882-4489.

C. L. WILSON, JR.
By direction

Copy to (w/o enclosures)
NAR San Jose
CDR Havens

# Mistake of Law

5. Any disease incurred by naval personnel while in active service will be considered to have been incurred "in the line of duty" again this from SECNAVINST 1850.4E section 3410. Within this section is the "presumption of In the LOD" can only be overcome by "Clear and convincing evidence" An increase in my medical condition while not entitled to pay" cannot be assumed and must be proven with solid medical documents. As stated by LCDR Craig the treating physician my "psoriatic arthritis" was within the known range and had not increases in level of severity. PEB was provided Doctor Craig's letter which clearly states when my condition was incurred and was within the known range for activity from active duty. It was a mistake of law to over come this presumption of "in the LOD" without providing me an opportunity to appear before a formal board open to hear all issues under Chapter 61 of 10 U.S.C.

# Mistake of Law

6. A "Proximate Result" can **<u>only</u>** be used when unfitting disability was incurred or aggravated while in a duty status of 30 days or less. A "Not in Proximate Result" can also only be used if the unfitting disability was incurred or aggravated while in a non-duty status. As defined my disability was incurred while on active duty on orders over 30 days and did not become more severe or aggravated while in a non duty status.

The following applicable instructions and specific sections that state these limitations are listed.

SECNAVINST 1850.4D
Section 2019.b
2074
3309.a

DODI 1332.38
Section E2.1.11
E2.1.20
E2.1.23
E2.1.29
E3.P2.2
E3.P2.3
E3.P4.2.1.2

## Mistake of Law

7. A "Fit or Unfit" can **only** be used when unfitting disability was incurred or aggravated while in a duty status of 30 days or more. A "In the Line of Duty/ not in the Line of Duty" can also only be used if the unfitting disability was incurred or aggravated while in a duty status. The following applicable instructions and specific sections that state these limitations are listed.

SECNAVINST 1850.4E
Section 2020.b
3201.b.3
3309.b

DODI 1332.38
Section E2.1.4
E3.P4.3
E3.P4.5.2.3
E3.P4.5.3

Since my disability was incurred while on active duty I request treatment and evaluation at a military medical facility. BUPERS forwarded this request to PEB were not action was taken. I sent a follow up request and then sent a congressional inquiry. Nine months after the request PEB responded by saying PEB was not the proper adjudicating authority yet PEB never sent the request for consideration. By holding up this request and failing to respond I was unable to establish my medical conditions against the known level from active duty. This information is provided for BCNR's knowledge during BCNR's consideration of my petition for relief.

6110
10 Mar 01

From: CDR William R. Havens, USNR,
To: Commander, Navy Personnel Command
Via: Commanding Officer, Naval Air Reserve Center
San Jose

Subj: REQUEST FOR RETURN TO ACTIVE DUTY

Ref: (a) CNPC ltr 6110 PERS-911 of 25 Jan 01
(b) BUMED ltr 6110/252 25/RON/A100360 of 11 Jan 01
(c) SECNAVINST 1770.3B
(d) 37 U.S.C. 204

Encl: (1) VA ltr 343/211/ty of 24 Sep 97

1. Reference (a) assigned me a Physical Risk Classification of "5" for medical conditions as given by reference (b) for psoriatic arthritis and psoriasis. In response to reference (a), I have requested my medical record be referred to the Physical Evaluation Board (PEB) for a final determination.

2. As my psoriatic arthritis and psoriasis were diagnosed and treated while I was in an active duty status and are service connected per enclosure (1) an NOE is not applicable. I request to be placed back into an active duty status with basic pay per references (c) and (d) pending PEB's review and notification of decision.

Sincerely

William R. Havens

William R. Havens
CDR USNR

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

6110
PERS-911
PQSTATUS
14 Aug 01

From: Commander, Navy Personnel Command
To: CDR William R. Havens, USNR-R /1115

Subj: REQUEST TO RETURN TO ACTIVE DUTY

Ref: (a) Your ltr 6110 of 13 Aug 01
(b) Your ltr 6110 of 10 Mar 01
(c) COMNAVPERSCOM ltr 6110 PERS-911 NOEREQ of 12 Apr 01

1. In response to reference (a), your request to be placed in an Active Duty status, reference (b), was forwarded to the President, Physical Evaluation Board for adjudication along with your request for a Physical Evaluation Board review, per reference (c).

2. The President, Physical Evaluation Board is the granting authority for matters concerning your Physical Qualification status. Please refer all correspondence to that office for adjudication.

3. If you have questions concerning this matter, please contact this office, PERS-911, at (901) 874-4489 or DSN 882-4489.

F. D. SHELTON
By direction

Copy to:
President, PEB
NAR San Jose

DEPARTMENT OF THE NAVY
NAVAL COUNCIL OF PERSONNEL BOARDS
720 KENNON STREET SE STE 309
WASHINGTON NAVY YARD DC 20374-5023

IN REPLY REFER TO
1850
NCPB:003
28 Dec 01

From: Director, Naval Council of Personnel Boards
To: LT K. D. Black, JAGC, USNR, Naval Legal Service Office, Southwest

Subj: PEB ISSUES ICO CDR WILLIAM R. HAVENS, USNR-R,

Ref: (a) Your ltr of 20 Dec 01
(b) CDR Havens memo of 21 Dec 01

Encl: (1) DD Form 149

1. In response to references (a) and (b), the following is provided:

a. Commander Haven's entitlement to medical benefits under 10 U.S.C. 1074 is not within the purview of this command to address. Questions regarding this issue are properly addressed to the Bureau of Medicine and Surgery.

b. A review of Commander Havens' case indicates that it was correctly processed in accordance with SECNAVINST 1850.4D. As a drilling reservist without a Notice of Eligibility, Commander Havens can only be classified by the Physical Evaluation Board as either "Physically Qualified" or "Not Physically Qualified". Paragraph 3309b only applies to drilling reservists who incur or aggravate a disability while recalled to active duty for more than thirty days, thus making them ineligible for a "Notice of Eligibility" under SECNAVINST 1770.3B. This paragraph does not apply to Commander Havens' case given his active duty status for over sixteen years and subsequent affiliation with the drilling reserves following his separation from active duty. The fact that he became a drilling reservist after the incurrence of a disability makes him ineligible for a FIT/UNFIT determination per paragraph 3309b. As an active duty member, any disability incurred by Commander Havens was subject to review (assuming referral in accordance with SECNAVINST 1850.4D) by the PEB prior to his separation from active duty.

2. If Commander Havens believes that he was entitled to a disability rating at the time of his separation from active duty, he may apply to the Board for Correction of Naval Records (BCNR) for relief. Enclosure (1) is provided for Commander Havens' use should he subsequently desire to petition BCNR.

R. Claussen
R. CLAUSSEN
By direction

(4)

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE:jdh
Docket No. 01562-05
31 May 2006

From: Chairman, Board for Correction of Naval Records
To: Director, Secretary of Navy, Council of Review Boards

Subj: REQUEST FOR COMMENTS AND RECOMMENDATION IN THE CASE OF FORMER CDR WILLIAM R. HAVENS, USNR, RETIRED,

Ref: (a) Your ltr 522o CORB:006, 22 Mar 0610 U.S.C. 1552

Encl: (1) BCNR File (2)
(2) Service Record
(3) Disability Evaluation Board Proceedings
(4) VA Records/Medical Records

1. Petitioner's rebuttal to the reference in file in enclosure (1).

2. In order to assist the Board in arriving at a fair and equitable decision in this case, it is requested that you provide comments and a recommendation and return the enclosures with your reply.

JAMES R. EXNICIOS
By direction

DEPARTMENT OF THE NAVY
SECRETARY OF THE NAVY COUNCIL OF REVIEW BOARDS
720 KENNON STREET SE STE 309
WASHINGTON NAVY YARD DC 20374-5023

IN REPLY REFER TO
5220
CORB: 00s
22 Mar 06

From: Director, Secretary of Navy Council of Review Boards
To: Executive Director, Board for Corrections of Naval Records

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS IN THE CASE OF CDR WILLIAM R HAVENS, USNR, RETIRED,

Ref: (a) Your ltr JRE:jdh Docket No: 01562-05 of 8 Mar 06
(b) SECNAVINST 1850.4E

1. The petitioner's case history, contained in reference (a), was thoroughly reviewed in accordance with reference (b) and is returned. The following comments are provided.

2. In a 21 February 2005, Petitioner (a former CDR/USNR, reportedly, with about 16 years ACDU [?1980-1996]) contends that a 1 March 2001 Physical Evaluation Board (PEB) erred in its determination that a the former member's psoriatic arthritis rendered Petitioner NPQ, but, rather, that he should have been "retired by reason of physical disability on 1 MAR 2002 with a proximate finding which should have been line of duty finding."

3. Pertinent documentary history includes:

a. Late 1995 sf600 Health Record Entries (Treasure Island) indicating persistent painful swollen Left dominant 4th finger DIP & Right great toe onycholysis, a 2 year history of intergluteal skin rash, and fevers & fatigue.

b. 06 February 1996 sf600 HRE indicating diagnosis of PSORIATIC ARTHRITIS "by BX (biopsy) Nov '95".

c. 09 September 1996 Separation Physical Exam sf93 mentions Psoriatic Arthritis, further indicating that Petitioner was a TAR and "was diagnosed/treated for this condition during 1995-96 and was found FIT for full duty and qualified for separation/retirement/transfer to Fleet Reserve during Retirement Physical on 27 June 96."

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS IN THE CASE OF CDR WILLIAM R HAVENS, USNR, RETIRED,

d. A 24 September 1997 Oakland Regional VA rating of 40% as follows:

   i. PSORIATIC ARTHRITIS 20%

   ii. PSORIASIS WITH ONYCHOMYOSIS and "history of paronchia [sic] & staph 10%"

   iii. UNDIAGNOSED ILLNESS manifested by fatigue & recurrent fevers 10%

e. A 21 October 2000 sf88 Physical Examination which recommended "Board Review for 'Psoriatic arthritis' history" and noted "swelling DIP joint Left 4th finger" & "swelling 1st & 2nd toes bilaterally."

f. An 11 March 2001 NMA/COMNAVRES Voluntary Training Unit 887 to PERS 911 indicated that Petitioner had not been on ACDU since 30 May 2000, that he was working within his designator (1115), that "arthritis limits time standing and grasping of heavy objects with left hand. …has not been in a full duty status since…May 30, 2000." Further, his condition had <u>not required time away from duties for treatment/evaluation/ recuperation while as a SELRES</u>, but Petitioner had been awarded 40% by the VA.

g. A 21 April 2001 sf93 physical examination found Petitioner NPQ "psoriatic Arthritis since 1995…Since 1998 pt did not participate in PRT…40% disability from VA."

h. A 13 June 2001 IPEB finding of PQ.

i. A 7 July 2001 COMNAVRESCEN NMA ltr to PPB recommending reconsideration based on Petitioner's contention "that his arthritis causes pain, prevents him from standing for moderate periods of time and that he has great difficulty descending stairs. The results of his latest medical examination on 21 April 2001 and another examination by a VA rheumatologist support these contentions…I am not reasonably certain that the normal performance of duties would not significantly exacerbate CDR Havens' medical condition…I cannot in good conscience assign him to any billet requiring worldwide assignment."

j. A 19 July 2001 IPEB finding of NPQ.

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS IN THE CASE OF CDR WILLIAM R HAVENS, USNR, RETIRED,

k. A 26 September 2001 ltr from Kevin L. Craig, LCDR/MC/USN ("former active duty Navy general medical officer … stationed at the Branch medical Clinic Treasure Island from 08/95 to 05/97" & conducted Petitioner's separation physical exam) indicated, "After reviewing…the letter by Dr. Mary Nakamura of the Arthritis Clinic at ASFVAMC, I find no evidence that his disease has significantly progressed since the time I performed his separation physical in 1996 [when]…he was manifesting an exacerbation of his disease, which is both typical and expected of this disease and not representative of a worsening of his arthritis…[therefore] if he was physically qualified…in 1996, then…he should be found physically qualified now. [underlining added]"

l. A 27 September 2001 ltr from Petitioner requested "re-opening of docket No: 7277-99 for reconsideration…"

m. A 29 October 2001 BCNR response, including, "Although psoriatic arthritis can be a serious disease process, it was manifested in your case by fatigue, reduced exercise tolerance, and pain in a finger and two toes, which did not preclude your [SIC] from performing you duties (prior to 1 September 1996 release from ACDU)."

n. A CNPC ltr of 25 January 2001 "assigned me a Physical Risk Classification of '5' for…psoriatic arthritis and psoriasis."

o. A 09 July 2001/VA Staff Rheumatologist evaluation by Mary Nakamura, MD indicated that Petitioner, "is followed in the Arthritis Clinic at the SPVAMC …psoriatic arthritis. His symptoms began in September 1995. Since that time he has had a series of symptoms including arthritic complaints in the hands, ankles, feet, and low back. Until recently, his symptoms were limited and treated with regular doses of NSAIDS. His low back pain has persisted for 4 years. He also cites intermittent recurrent pain and swelling of the joints in the regions described above. He currently reports pain at the left 4th finger, distal interphalangeal joint. The base of his right thumb has been chronically inflamed. He also has had nail changes and skin eruptions…bilateral great toe pain, at the interphalangeal joint. Radiograph data show

corrosive changes of the joints particularly in the left 4th finger and the first metatarsal-phalangeal joints of both feet. Beginning in May 2001, he developed worsening right ankle pain due to inflammatory arthritis and Achilles tendon enthesopathy. Due to these symptoms, he reports inability to walk quickly or run. …due to a flare in his psoriatic arthritis. …has been started on Methotrexate…mild improvement in pain…continues to have difficulty with ambulation. Over the next 6 months…should not engage in activities requiring prolonged or rapid ambulation."

p. A 28 December 2001 DIRNCPB response to Petitioner's letter of 20 December 2001 indicated that "as a drilling reservist without a Notice of Eligibility [the PEB determination options were limited to PQ or NPQ vice Fit or Unfit]…The fact that he became a drilling reservist after the incurrence of a disability makes him ineligible for a FIT/UNFIT determination."

4. In summary, review of the available documents, including the foregoing, suggests that Petitioner did, indeed:

a. develop manifestations of Psoriasis with Psoriatic Arthritis while on ACDU in about 1995 while on ACDU per orders for a period of over 30 days;

b. on 24 September 1997, receive an award of 40% from the VA (30% due to manifestations of Psoriasis & 10% for "Undiagnosed Illness");

c. develop an exacerbation of his Psoriasis during subsequent Reserve duty, ultimately, resulting in referral to the PEB, which, by the 19 July 2001 finding of the IPEB, determined that Petitioner's condition rendered him NPQ; but

d. was the subject of a 2001 era NMA that strongly suggests that his medically related impairment for continued reserve duty was largely limited to restrictions on PRT performance & deployability. This, latter, along with the 26 September 2001 letter of Dr. Kevin Craig, calls into question the accuracy of the above IPEB determination and, indeed, suggests that a finding of PQ or Fit was indicated. This combines with evidence from the VA Examination of Dr. Nakamura

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS IN THE CASE OF CDR WILLIAM R HAVENS, USNR, RETIRED,

to suggest that, while duty limiting with respect to worldwide assign ability, the arthritic and cutaneous manifestations of the Petitioner's psoriatic condition were insufficient to render him Unfit for Continued Naval Service.

5. Hence, in conclusion:

a. As contended in subject BCNR application, the 19 July 2001 IPEB should have made a determination of Fit vs. Unfit vice PQ vs. NPQ for Continued Naval Reserve Service; however,

b. In the absence of evidence of significant impairment of ACDU performance from Service Records, Medical Records, or additional VA evidence, Petitioner would appear to have been Fit for Continued Naval Reserve Service at the time of his 1 March 2002 discharge; and it is recommended that Petitioner's record be amended to reflect same. It is noted that Military PEB determinations are performance based requiring evidence that a given medical condition renders a service member Unfit while VA Rating Decisions are largely based on the manifestations of medical conditions without a requirement that such render the veteran Unfit for Continued Service.

M. L. CULVER

DEPARTMENT OF THE NAVY
NAVAL COUNCIL OF PERSONNEL BOARDS
720 KENNON STREET SE STE 309
WASHINGTON NAVY YARD DC 20374-5023

IN REPLY REFER TO

5220
CORB:003
8 Jun 06

From: Director, Secretary of the Navy Council of Review Boards
To: Executive Director, Board for Correction of Naval Records

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS IN THE CASE OF FORMER CDR WILLIAM R. HAVENS, USNR, RETIRED,

Ref: (a) Your ltr JRE:jdh Docket No: 01562-05 of 31 May 06
(b) CORB 5220:00s of 22 Mar 06
(c) DODI 1332.38

1. The petitioner's case was again reviewed following submission of his rebuttal to reference (b). In response, the below comments are provided.

2. As stated in reference (b), it is our continued opinion that petitioner should have received a "Fit/Unfit" vice "Physically Qualified/Not Physically Qualified" determination from the Physical Evaluation Board in Jul 2001. Our previous determination was not consistent with policy regarding the administrative processing of cases similar to petitioner's. That policy, in summary, allows the PEB to issue a Fit/Unfit determination when it can be established by the evidence of record that the member (who was previously on active duty either as a recalled reservist or active duty member) incurred a condition while on the previous period of active duty, that the condition was actually unfitting at the time of the member's release from active duty, or, that although not unfitting upon release, the condition was aggravated while on a subsequent reserve or active period of duty. This policy is consistent with guidance contained in reference (c) that provides for the rating of prior service impairments (section E3.P4.5.3) and for adjudicating reserve component member cases under the statutory provisions applicable to his or her duty status at the time of onset or aggravation of the condition (section E3.P4.3).

3. In petitioner's case, it was determined, having provided him the benefit of the doubt, that his condition, which was incurred while on active duty, was possibly aggravated while in a reserve status. However, although petitioner was entitled to a Fit/Unfit determination, a preponderance of the evidence clearly shows that his condition, although possibly aggravated, was not an unfitting condition at the time of his release from active duty or during his subsequent reserve period of service. As noted in reference (b), under the DoD Disability Evaluation System, the mere presence of a condition does not render an individual unfit for duty. There must also be a showing that he is unable to perform duties appropriate for his office, grade, rank, or rating. Such a finding could not be made in petitioner's case.

3. In conclusion, petitioner's request for disability retirement is not supported.

M. D. CULVER

# BOARD FOR CORRECTION OF NAVAL RECORDS (BCNR)

BOARD FOR CORRECTION OF NAVAL RECORDS

DATE: 6-22-06

PAGES SENT: 3
(including cover sheet)

TO: Mr William J Holmes

OFFICE/COMMAND:

FAX NO: 757-420-4169

FROM: BCNR/PHD/JRE

OFFICE: Board for Correction of Naval Records

TELEPHONE NO: 703 614-2133 FAX NO: (703)614-9857 DSN: 224-9857

REMARKS: Copy of advising opinion on CDR William R Havens, USNR, Retired Case

IF THERE ARE ANY PROBLEMS RECEIVING THIS TRANSMISSION, PLEASE CALL (703)614- AS SOON AS POSSIBLE

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE:jdh
Docket No. 1562-05
22 June 2006

MR WILLIAM J HOLMES
ATTORNEY AT LAW
6064 INDIAN RIVER ROAD SUITE 203
VIRGINIA BEACH VA 23464

Dear Mr. Holmes:

This letter refers to your interest, as counsel, in the Application for Correction of Naval Records (DD Form 149) of CDR William R. Havens, USNR, Retired.

In accordance with the Board's standard procedure, your client's case was referred to the appropriate office within the Navy Department for an advisory opinion. The enclosed opinion was furnished in response to the Board's request. The opinion which is advisory only and not binding upon the Board or the Secretary of the Navy.

If you wish to submit any further statement or additional documentary material in support of the application, please do so within 30 days from the date of this letter. Your response should be submitted directly to this Board and not to the officials who furnished the advisory opinion.

If you find it inconvenient to respond within the 30-day period, please indicate prior to the termination of that period the approximate date that your reply will be forthcoming. If no response is received within the 30-day period, the case will be decided on the evidence of record as soon as an extremely crowded docket will permit.

Sincerely,

JAMES R. EXNICIOS
Head, Disability Section

Enclosure

DEPARTMENT OF THE NAVY
NAVAL COUNCIL OF PERSONNEL BOAR
720 KENNON STREET SE STE 309
WASHINGTON NAVY YARD DC 20374-5023

IN REPLY REFER TO

5220
CORB:003
8 Jun 06

From: Director, Secretary of the Navy Council of Review Boards
To: Executive Director, Board for Correction of Naval Records

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS IN THE CASE OF FORMER CDR WILLIAM R. HAVENS, USNR, RETIRED,

Ref: (a) Your ltr JRE:jdh Docket No: 01562-05 of 31 May 06
(b) CORB 5220:00s of 22 Mar 06
(c) DODI 1332.38

1. The petitioner's case was again reviewed following submission of his rebuttal to reference (b). In response, the below comments are provided.

2. As stated in reference (b), it is our continued opinion that petitioner should have received a "Fit/Unfit" vice "Physically Qualified/Not Physically Qualified" determination from the Physical Evaluation Board in Jul 2001. Our previous determination was not consistent with policy regarding the administrative processing of cases similar to petitioner's. That policy, in summary, allows the PEB to issue a Fit/Unfit determination when it can be established by the evidence of record that the member (who was previously on active duty either as a recalled reservist or active duty member) incurred a condition while on the previous period of active duty, that the condition was actually unfitting at the time of the member's release from active duty, or, that although not unfitting upon release, the condition was aggravated while on a subsequent reserve or active period of duty. This policy is consistent with guidance contained in reference (c) that provides for the rating of prior service impairments (section E3.P4.5.3) and for adjudicating reserve component member cases under the statutory provisions applicable to his or her duty status at the time of onset or aggravation of the condition (section E3.P4.3).

3. In petitioner's case, it was determined, having provided him the benefit of the doubt, that his condition, which was incurred while on active duty, was possibly aggravated while in a reserve status. However, although petitioner was entitled to a Fit/Unfit determination, a preponderance of the evidence clearly shows that his condition, although possibly aggravated, was not an unfitting condition at the time of his release from active duty or during his subsequent reserve period of service. As noted in reference (b), under the DoD Disability Evaluation System, the mere presence of a condition does not render an individual unfit for duty. There must also be a showing that he is unable to perform duties appropriate for his office, grade, rank, or rating. Such a finding could not be made in petitioner's case.

3. In conclusion, petitioner's request for disability retirement is not supported.

M. E. CULVER

JUN 22 2006

00079

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

DLK: rmr
Docket No: 1562-05
25 Feb 2005

From: Board for Correction of Naval Records
To: Physical Evaluation Board

Subj: REQUEST FOR PHYSICAL EVALUATION BOARD PROCEEDINGS

Request the following named individual's PEB proceedings be provided:

| NAME | SSN | PDRL/TDRL DATE | DISCH DATE |
|---|---|---|---|
| HAVENS, WILLIAM R | | | 8-31-96 |

Sincerely,

for Rebecca Dooley
D. L. KING
Head, Records Section

2nd Request
Please expedite
6/22/05
RR

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

DLK: rmr
Docket: 1562-05
1 Mar 05

DEPARTMENT OF VETERANS AFFAIRS
REGIONAL OFFICE
536 SOUTH CLARK STREET
PO BOX 8136
CHICAGO IL 60605

NAME: HAVENS, WILLIAM R
SSN:

Subject veteran has made an application to this Board for correction of his military record. In order to assist the Board in its deliberations, it is requested that his VA claim folder or a copy thereof be provided for review and the following information and/or records be provided to this board.

(1) Copies of VA Rating Decisions.
(2) Return of the veteran's original service medical record, or copies thereof
(3) Photographs of all VA medical/compensation examinations, hospital summaries, other medical evaluation reports, VA statements of case, and BVA decisions. (VA manual, MP-1, Part II, Chapter 12, paragraphs 17 and 18 refer).

If the veteran does not have a VA Rating Decision or has not applied for VA Compensation, please indicate.

As indicated in the attached DD Form 149, the veteran has authorized this Board to obtain his VA records in order to process his application.

Sincerely,

for Rebecca Bell
D. L. KING
Head, Records Section

Enclosure

2nd Request
6-23-05
RR

00031

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

DLK: rmr
Docket: 1562-05
1 Mar 05

DEPARTMENT OF VETERANS AFFAIRS
REGIONAL OFFICE
536 SOUTH CLARK STREET
PO BOX 8136
CHICAGO IL 60605

NAME: HAVENS, WILLIAM R
SSN:

Subject veteran has made an application to this Board for correction of his military record. In order to assist the Board in its deliberations, it is requested that his VA claim folder or a copy thereof be provided for review and the following information and/or records be provided to this board.

(1) Copies of VA Rating Decisions.
(2) Return of the veteran's original service medical record, or copies thereof
(3) Photographs of all VA medical/compensation examinations, hospital summaries, other medical evaluation reports, VA statements of case, and BVA decisions. (VA manual, MP-1, Part II, Chapter 12, paragraphs 17 and 18 refer).

If the veteran does not have a VA Rating Decision or has not applied for VA Compensation, please indicate.

As indicated in the attached DD Form 149, the veteran has authorized this Board to obtain his VA records in order to process his application.

Sincerely,

D. L. KING
Head, Records Section

Enclosure

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

DLK: rmr
Docket No: 1562-05
25 Feb 2005

From: Board for Correction of Naval Records
To: Physical Evaluation Board

Subj: REQUEST FOR PHYSICAL EVALUATION BOARD PROCEEDINGS

Request the following named individual's PEB proceedings be provided:

| **NAME** | **SSN** | **PDRL/TDRL DATE** | DISCH **DATE** |
|---|---|---|---|
| HAVENS, WILLIAM R | | | 8-31-96 |

Sincerely,

Rebecca Boller for
D. L. KING
Head, Records Section

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

DLK:rmr
Docket 1562-05
25 Feb 2005

From: Board for Correction of Naval Records
To: Combat Related Special Compensation Board (CRSC)

Subj: REQUEST FOR CRSC PROCEEDINGS

Request the following named individual's CRSC proceedings be provided:

| NAME | SSN | DOCKET # |
|---|---|---|
| HAVENS, WILLIAM R | | 1562-05 |

for D. L. KING
Head, Records Section