NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

1850
PERS-911
PEBDISP
3 Jan 02

From: Commander, Navy Personnel Command
To: CDR William R. Havens, USNR-R, --- -- ----, 1115
Via: Commanding Officer, Naval Air Reserve Center, San Jose

Subj: FINAL DETERMINATION OF YOUR PHYSICAL QUALIFICATION

Ref: (a) BUPERSINST 1001.39

Encl: (1) PhysEvalBd ltr 1850 10R: 111 PEB Index No. N20200002 of 2 Jan 02
(2) Retirement Transfer Request

1. Based upon your medical record and other available documentation, the Physical Evaluation Board has determined that you are not physically qualified for active duty or retention in the Ready or Standby Reserve, per enclosure (1).

2. We have reviewed your record and determined that you have over 20 years of total satisfactory service and are eligible for transfer to the Retired Reserve.

3. Anticipating your desire to retain your commission in a retired status, we have provided enclosure (2) for your convenience. Please return your signed request to us in the envelope provided on or before 28 February 2002. If your retirement request is not received by that date, reference (a) mandates we process your honorable discharge.

4. The record holder is directed to close out the member's service record, forward it to the Naval Reserve Personnel Center (Code N3) and cancel any inactive duty training orders in effect not later than 28 February 2002.

5. Your long and loyal service in the Naval Reserve is sincerely appreciated. If you have questions regarding this letter, please contact this office, PERS-911, at (901) 874-4489 or DSN 882-4489.

F. D. SHELTON
By direction

Copy to:
COMNAVREFOR (Code N01M)
NRPC (Code N221)
CDR Havens (Advance copy)

1850
10R: 111
PEB Index No. N20200002
2 January 2002

From: President, Physical Evaluation Board
To: Chief of Naval Personnel

Subj: NOTIFICATION OF DECISION

REF: (a) SECNAVINST 1850.D

1. Per reference (a), the President, Physical Evaluation Board acting for the Secretary of the Navy has considered the physical condition of the following members of the Naval Service as referred by a medical board to determine each individual's fitness for duty.

2. FINDING. In each instance the member is found **NOT PHYSICALLY QUALIFIED** for active duty in the USN Reserve.

3. DISPOSITION. The Chief of Naval Personnel is requested to either discharge or transfer to a retired status, each member listed as appropriate as provided by 10 U.S.C. section 1209.

| Member | SSN |
|---|---|
| Cdr William R HAVENS, USNR | |

*SIGNED ORIGINAL ON FILE*
S. L. WILLIS
PEB Enbloc Department
By direction

Sutter Gould
Medical Foundation

A Sutter Health Affiliate

1011 Sylvan Ave., Ste. C
Modesto, CA 95350
(209) 550-4780

26 Sep 01

Department of the Navy
Board for the Correction of Naval Records
2 Navy Annex
Washington, DC 20370-5100

Re: William R. Havens Docket No. 7277-99

Dear Sir or Madam:

I am a former active duty Navy general medical officer and was stationed at the Branch medical Clinic, Treasure Island from 08/95 to 05/97. During this time I saw LCDR William R. Havens for a variety of medical complaints as well as performing his separation physical in 1996. His diagnosis of psoriatic arthritis had been clearly established prior to separation, and in discussion with my Officer in Charge, CDR Estellita Carandang, MC., USNR, it was decided not to request a medical board and that LCDR Havens was physically qualified for duty. I was recently contacted by now CDR Havens to comment on his being found not physically qualified for duty due to his diagnosis of psoriatic arthritis. After reviewing his medical record and the letter by Dr Mary Nakamura of the Arthritis Clinic at SFVAMC, I find no evidence that his disease has significantly progressed since the time I performed his separation physical in 1996. Instead I feel that at the time of his physical exam on 21 Oct 00 he was manifesting an exacerbation of his disease, which is both typical and expected of this disease, and is not representative of a worsening of his arthritis. The natural course of exacerbation and regression of symptoms in individuals with psoriatic arthritis was known at the time of his separation in 1996, and in my opinion if it is the position of BUMED that CDR Havens is not physically qualified for duty now, then he should have been found NPQ in 1996 and a medical board should have been requested at that time. Alternately, if he was physically qualified for active duty in 1996, then since his condition is not manifestly changed during the interim he should be found physically qualified now.

In summary CDR Havens has a diagnosis of psoriatic arthritis which is clearly documented as existing while on active duty, and which in my opinion upon review of his medical record has not progressed while he was in the reserves, and I feel his status in the reserves should be adjudicated under active duty provisions only.

Respectfully,

Kevin L. Craig, MD
LCDR, MC, USNR

00127

(2)

DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

6110
PERS-911
NOEREQ
12 Apr 01

From: Commander, Navy Personnel Command
To: President, Physical Evaluation Board
Via: Commander, Naval Reserve Force (Code N01M)

Subj: REQUEST FOR DETERMINATION FOR FITNESS FOR DUTY/PHYSICAL QUALIFICATION FOR RETENTION

Ref: (a) SECNAVINST 1770.3B
(b) SECNAVINST 1850.4D

Encl: (1) Medical Package ICO CDR William R. Havens, USNR-R, /1115

1. Enclosure (1) contains a request for a hearing before the Physical Evaluation Board and background documentation concerning the case.

2. Commander, Naval Reserve Force (N01M, please provide a Notice of Eligibility determination for the case to the President, Physical Evaluation Board, for further processing, per reference (a).

3. For Physical Evaluation Board, CDR Havens alleges that this condition existed prior to his release from Active Duty, therefore if a NOE is not granted by Commander, Naval Reserve Force, please consider a determination for Fit/Unfit as well as a determination for Physical Qualification for retention, per reference (b).

4. Thank you for your assistance. If you have questions, please contact this office, PERS-911, at (901) 874-4489 or DSN 882-4489.

C. L. WILSON, JR.
By direction

Copy to (w/o enclosures)
NAR San Jose
CDR Havens

(3)

DEPARTMENT OF THE NAVY
NAVAL COUNCIL OF PERSONNEL BOARDS
720 KENNON STREET SE STE 309
WASHINGTON NAVY YARD DC 20374-5023

IN REPLY REFER TO
1850
NCPB:003
28 Dec 01

From: Director, Naval Council of Personnel Boards
To: LT K. D. Black, JAGC, USNR, Naval Legal Service Office, Southwest

Subj: PEB ISSUES ICO CDR WILLIAM R. HAVENS, USNR-R.

Ref: (a) Your ltr of 20 Dec 01
(b) CDR Havens memo of 21 Dec 01

Encl: (1) DD Form 149

1. In response to references (a) and (b), the following is provided:

a. Commander Haven's entitlement to medical benefits under 10 U.S.C. 1074 is not within the purview of this command to address. Questions regarding this issue are properly addressed to the Bureau of Medicine and Surgery.

b. A review of Commander Havens' case indicates that it was correctly processed in accordance with SECNAVINST 1850.4D. As a drilling reservist without a Notice of Eligibility, Commander Havens can only be classified by the Physical Evaluation Board as either "Physically Qualified" or "Not Physically Qualified". Paragraph 3309b only applies to drilling reservists who incur or aggravate a disability while recalled to active duty for more than thirty days, thus making them ineligible for a "Notice of Eligibility" under SECNAVINST 1770.3B. This paragraph does not apply to Commander Havens' case given his active duty status for over sixteen years and subsequent affiliation with the drilling reserves following his separation from active duty. The fact that he became a drilling reservist after the incurrence of a disability makes him ineligible for a FIT/UNFIT determination per paragraph 3309b. As an active duty member, any disability incurred by Commander Havens was subject to review (assuming referral in accordance with SECNAVINST 1850.4D) by the PEB prior to his separation from active duty.

2. If Commander Havens believes that he was entitled to a disability rating at the time of his separation from active duty, he may apply to the Board for Correction of Naval Records (BCNR) for relief. Enclosure (1) is provided for Commander Havens' use should he subsequently desire to petition BCNR.

R. Claussen
R. CLAUSSEN
By direction

00129

(4)

3205 Senn Road
San Diego, California 92136-5090
Tel: (619) 532-64__
Fax: (619) 532-6490
DSN: 522
Email: kdblack@nmcsd.med.navy.mil

**Naval Legal Service Office Southwest PEB Division**

# Fax

| | | | |
|---|---|---|---|
| **To:** | Mr. Roger Claussen | **From:** | LT K. D. Black |
| **Fax:** | DSN 325-6610 | **Pages:** | 1 |
| **Phone:** | | **Date:** | 3 Jan 2002 |
| **Re:** | PEB – CDR William Havens | **CC:** | |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

● **Comments:**

Mr. Claussen,

In regards to your response to CDR Havens, I was unable to find in SECNAVINST 1850.4D that Paragraph 3309b only applies to drilling reservists who are "recalled" to active duty. Is this merely PEB's interpretation or is it actually written in an Instruction? Thank you in advance for your response.

V/r,

LT Kim Black

Encl (5)

00130

**Please note these are the sections from SECNAVINST 1850.4D I maintain apply to me.**

3309 Inactive-Duty Reservists With No Notice Of Eligibility

a. When an inactive-duty reservist has not been granted an NOE, or does not have a service incurred injury or aggravating disease, the PEB shall normally determine and record whether the member is Physically Qualified or Not Physically Qualified.

b. A service member who has served on active duty 30 days or more, has been released from active duty and is now in an inactive duty drilling status and requests referral to the PEB for a condition alleged to have been incurred or aggravated while on active duty, shall be processed into the DES and the PEB shall determine and record whether the member is Fit or Unfit for continued reserve service. Reservists in this instance determined to be Unfit warrant disability retirement or separation pay.

**Note - I was found unfit for conditions incurred while on active duty. In my request for inform PEB I alleged these conditions occurred while active and have not become more severe.**

**NMPC code 911 forewarding endorsement to PEB, says I have alleged this incurred while active.**

2019 DISABILITY BENIFITS

a. Active Duty Members - Not Applicable

b. Reserve Component Members. A Reserve component member shall be adjudicated under the statutory provisions applicable to his or her duty status at the time of onset or aggravation of the condition for which the member is determined Unfit. This means a Ready Reserve member not on extended active duty at the time of his or her referral into the DES, but who is determined Unfit for a disability incurred or aggravated while the member was on a call to active duty of more than 30 days, comes under the provisions of 10 U.S.C. 1201-10 U.S.C. 1203 and not 10 U.S.C. 1204-1206 (reference (a)). In such a situation, "in line of duty while entitled to basic pay" rather than "proximate result" is the applicable statutory requirement for entitlement to disability compensation.

**Note - I was on orders over 30 days and my condition was incurred while active. I have repeatedly said the informal board required a line of duty vice proximate result.**

00131



Enclosure (6)

2038 Incurred W( )Entitled To Receive Basic Pay

a. "Incurred" refers to the date or time when a disease or injury is contracted or suffered, as distinguished from a later date, when the PEB determines that a member has become Unfit to continue naval service as a result of such disease or injury. Physical disability due to natural progression of disease or injury is "incurred" at the time the disease or injury causing the disability is contracted. When the increase in physical impairment during service is in excess of that due to natural progression of the disease or injury, the increase is due to aggravation by service.

**Note- My psoriatic arthritis and psoriasis were incurred while on active duty.**

b. "While entitled to receive basic pay" encompasses all types of duty which entitled the member concerned to receive active duty basic pay. It also includes any duty without pay, which may be counted the same as duty with pay, such as reserve persomel drilling in non-pay billets. For purposes of administering disability benefit under 10 U.S.C., Chapter 61, midshipmen are not entitled to receipt of basic pay. In addition, members in an appellate or excess leave status are not entitled to receive basic pay. This definition shall not be construed to entitle any member not on active duty, who, at the time of separation from active duty was considered Fit to continue naval service, to benefits under 10 U.S.C., Chapter 61, because of an increase in impairment occurring while the member was not entitled to basic pay.

**Note - I did not have an increase in impairment while a reservist, it happened on active duty. This says who is not allowed to use, I am allowed to claim benefits.**

**Doctor Craig's letter strongly support this and was new evidence. Doctor Craig did my separation physical and says my conditions are unchanged since active duty; he also treated me for over 1 year while on active duty**

4211 Format Of Findings
a. Cases of Active Duty Members and Inactive-Duty Reservists who have been Issued a Notice Of Eligibility**<u>, or are referred under the provisions of Paragraph 3201 b (3).</u>** A panel shall find that the member is Fit to continue naval service, or Unfit to continue naval service because of physical disability:

(1) If the member is Fit to continue naval service, panel evaluation is complete

(2) If the member is Unfit to continue naval service:
(a) The disability (was)(was not) (incurred) (aggravated) while entitled to receive basic pay;
(b) The disability (is)(is not) the result of intentional misconduct or willful

neglect, and whether such disability (was)(was not) incurred during a period of unauthorized absence;

(c) The disability (is)(is not) stabilized at the present degree of impairment; and

(d) The disability is ratable at (percentage);

(e) The disability (is)(is not) combat related as defined by section 104 of the Internal Revenue Code. See paragraphs 350 I through 3507.

Note **paragraph 3201 b (3)!!**

4211 Format Of Findings
a. Does not apply for NOE

b. Cases Of Inactive-Duty Reservists Not Eligible For Disability Benefits. When the member is an inactive-duty reservist who is not eligible for disability benefits, under 10 U.S.C., Chapter 61; i.e., under SECNAVINST 1770.3B and reference (b), the member has not been issued an NOE, or the member **is not referred under the provisions of paragraph 3201 b (3), the only findings to be made are:**

(1) Physically Qualified for continued naval service in the Naval or Marine Corps Reserve, or
(2) Not Physically Qualified for continued naval service in the Naval or Marine Corps Reserve.

Note the NOT under **paragraph 3201 b (3)!!**

3201 Criteria For Referral To The Physical Evaluation Board
a. Active Duty Members. Does not apply to me.

b. Inactive-Duty Reservists
(1) Refer per reference (g) for disability evaluation those inactive-duty reservists entitled to disability benefits due to a disability which occurred while serving on active duty or performing inactive-duty training.

(2) An inactive-duty reservist who has not been given an NOE and who has been determined by the CHBUMED to be "Not Physically Qualified" for active duty or retention will be referred, at the member's request, to the Informal PEB for final determination of physical condition. If the member is then found Unfit and the member demands a Formal PEB, the member will bear all associated travel, lodging, meal, and incidental costs to the Formal PEB site.

**Note this is not me. I am the next type of reservist!!**

**(3) A reservist who performed active duty for 30 days or more, was released from active duty, and is now in an inactive duty status and requests referral to the PEB for a condition which the member alleges was incurred or aggravated while on active duty shall be processed into the DES and the PEB shall determine and record whether the member is Fit or Unfit.**
**I alleged and still say this happened on active duty.**



00134

**Disabled American Veterans**
**National Service Office**

VA Regional Office • Room 1117 • 1120 Vermont Ave., NW • Washington, D.C. 20421
(202) 691-3060

# MEMORANDUM

TO: THE NAVY BOARD FOR
CORRECTION OF MILITARY RECORDS

DATE: March 11, 2002

RE: Havens, William R.
SSN#:

Attached is DD Form 149 executed by the above named former service member for the Navy Board for Correction of Military Records' consideration. Specifically, he is requesting a re-consideration of his case to establish placement on PDRL with a minimum evaluation of 40 %.

Please take appropriate action and initiate any necessary development in this case. It is respectfully requested you notify this service organization when the records are assembled and ready for our review.

Thank you for your cooperation in this matter.

Sincerely,

Dwayne C. Nichols
National Service Officer

DCN:ca
Attachments: DD Form 149, letter dated 1/22/02,10 pages of supporting evidence.

cc: Mr. William R. Havens

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No: 7277-99
29 October 2001

CDR WILLIAM R HAVENS USNR

Dear Commander Havens:

This is in reference to your recent letter in which you ask the Board to reconsider your application for correction of your naval record.

As you know, when a request for corrective action is denied by the Board, sitting in executive session, new and material evidence or other matter not previously considered must be submitted in order to have the Board reconsider its decision. Although some of the information in your letter is new, it is not material, because it does not tend to prove that that you were unfit to perform the duties of your office, grade, rank or rating prior your release from active duty on 1 September 1996. Although psoriatic arthritis can be a serious disease process, it was manifested in your case by fatigue, reduced exercise tolerance, and pain in a finger and two toes, which did not preclude your from performing your duties.

It does not appear that you would have qualified for disability separation or retirement even if Dr. Craig had initiated a medical board in 1996, which he now believes he should have done at that time. As you were pending mandatory separation from the Navy because of your non-selection for promotion, you would have been subject to the presumption of fitness outlined in SECNAVINST 1850.4C, paragraph 2056. Since there is no indication that you had been improperly retained on active duty after being diagnosed with psoriatic arthritis, and as your condition was not grave, it is extremely unlikely that the presumption would have been successfully rebutted.

In view of the foregoing, further review of your case is not warranted.

Sincerely,

W. Dean Pfeiffer

W. DEAN PFEIFFER
Executive Director

**REFERENDUM**

Havens, William R.

*08220-01*

Subject's Name:

HAVENS William R

Last First MI Suffix

☒ REQUEST FOR RECONSIDERATION

☐ Approved: ________ ________

NOV 2 2001 ☑ Disapproved: ________ ________

[signature] 30 Oct 01

Signature Date

☐ ADMINISTRATIVE RE-OPEN

☐ Approved: ________ ________

Signature Date

COMMENTS: No new material evidence

**NOTE**: Please deliver to OIS Section with "closed" BCNR file

NEW Docket No.

(OIS/11 1Jul86)

00137

Ref: (a) Your ltr ser 7277-99 dtd 20 Aug 2001
(b) BUMED ltr 6110/252 25/RON/A100360 of 11 Jan 01
(c) DODI 1332

Encl: (1) Ltr from Dr. Craig date 26 Sep 2001
(2) NARC San Jose Ser N91/407 dtd 1 Dec 2000
(3) Report of Medical Examination (SF 88) of 21 Oct 00

1. Respectively, request re-opening of Docket No: 7277-99 for reconsideration. New evidence is provided enclosure (1) supporting this request as addressed by reference (a).

2. Reference (b) places me unfit for naval service because of psoriasis and psoriatic arthritis. I request my case be adjudicated under the statutory provisions applicable at the time of onset or aggravation of the conditions. Since these conditions where diagnosed and treated during my final two years of active duty, reference (c) sections E3.P4.3 and E3.P4.2.1.2 should apply. Doctor Craig clearly states in his letter enclosure (1), my current condition is the same as it was at the time of my discharge from active duty. He also indicates a medical board should of been requested as such I should considered under active duty provisions.

3. Enclosure (2) is provided to show what evidence was submitted to BUMED for consideration. Please note the only documentation submitted that concerned my current physical condition at that time was a report of medical examination (SF 88) completed 21 Oct 2000, which is provided as enclosure (3), where I was found "physically fit". I transferred into NARC San Jose, only drilling two days. I was not placed NPQ or even questioned on my medical condition during those drills. The medical department of NARC San Jose on receipt and review of my medical record from NRC Sacramento, placed me NPQ, because of a history of psoriasis and psoriatic arthritis in my record not because of a change in my medical condition. Additionally, if my condition had become more severe after active duty why was I found "physically fit" at my annual physicals in 1997, 1998, 1999, and 2000 with the reserves? The only medical evidence provided and used by BUMED to find me unfit was my history from active duty of psoriasis and psoriatic arthritis.

4. I do not know if the error not to request a medical board prior to my discharge was with Treasure Island Medical Clinic or with the Naval Reserve. Either way, I was found unfit for conditions that existed while in an active duty status over 30 days in pay, and my conditions had not become more severe while in the reserves. Since the Naval Reserve can use my active duty medical conditions for a BUMED determination, I should be adjudicated under active duty provisions. I request to be placed back into an active duty status allowing me to be adjudicated by the DES system under active duty provisions.

Sincerely

William R Havens

William R. Havens

Medical Foundation
A Sutter Health Affiliate
1011 Sylvan Ave., Ste. C
Modesto, CA 95350
(209) 550-4780

26 Sep 01

Department of the Navy
Board for the Correction of Naval Records
2 Navy Annex
Washington, DC 20370-5100

Re: William R. Havens ............ket No. 7277-99

Dear Sir or Madam:

I am a former active duty Navy general medical officer and was stationed at the Branch medical Clinic, Treasure Island from 08/95 to 05/97. During this time I saw LCDR William R. Havens for a variety of medical complaints as well as performing his separation physical in 1996. His diagnosis of psoriatic arthritis had been clearly established prior to separation, and in discussion with my Officer in Charge, CDR Estellita Carandang, MC., USNR, it was decided not to request a medical board and that LCDR Havens was physically qualified for duty. I was recently contacted by now CDR Havens to comment on his being found not physically qualified for duty due to his diagnosis of psoriatic arthritis. After reviewing his medical record and the letter by Dr Mary Nakamura of the Arthritis Clinic at SFVAMC, I find no evidence that his disease has significantly progressed since the time I performed his separation physical in 1996. Instead I feel that at the time of his physical exam on 21 Oct 00 he was manifesting an exacerbation of his disease, which is both typical and expected of this disease, and is not representative of a worsening of his arthritis. The natural course of exacerbation and regression of symptoms in individuals with psoriatic arthritis was known at the time of his separation in 1996, and in my opinion if it is the position of BUMED that CDR Havens is not physically qualified for duty now, then he should have been found NPQ in 1996 and a medical board should have been requested at that time. Alternately, if he was physically qualified for active duty in 1996, then since his condition is not manifestly changed during the interim he should be found physically qualified now.

In summary CDR Havens has a diagnosis of psoriatic arthritis which is clearly documented as existing while on active duty, and which in my opinion upon review of his medical record has not progressed while he was in the reserves, and I feel his status in the reserves should be adjudicated under active duty provisions only.

Respectfully,

Kevin L. Craig, MD
LCDR, MC, USNR

6120
Ser N91/407
1 Dec 00

From: Commanding Officer, Naval Air Reserve Center San Jose
To: Chief, Bureau of Naval Personnel (PERS-911)
Via: (1) Commanding Officer, NAVAIRES Point Mugu
(2) Chief, Bureau of Medicine and Surgery (Code 25)

Subj: DETERMINATION FOR RETENTION IN THE NAVAL RESERVE ICO CDR WILLIAM A. HAVENS, /1115

Ref: (a) NAVMED P-117
(b) BUPERSINST 1001.39C

Encl: (1) Report of Medical Examination (SF 88) of 21 Oct 00
(2) Report of Medical History (SF 93) of 21 Oct 00
(3) VA Medical Center Treatment Report
(4) VA Medical Center Radiology Report
(5) VA Ltr 343/211/ty of 24 Sep 97
(6) NARCEN San Jose Ltr 6120 Ser N5/201 of 02 Jun 00
(7) NAVPERS 1070/613 of 31 May 00
(8) Member's Personal Statement of 28 Nov 00

1. Forwarded. Per references (a) and (b), enclosures (1) through (8) are submitted for review.

2. Point of contact is HM2 Corpus or HM2 Kho at (408) 294-3070 Ext. 52, FAX (408) 294-5951/6152.

J. F. LOWDER

Copy to:
CO, NAVAIRES Point Mugu
Chief, BUMED (Code 25)

1. LAST NAME—FIRST NAME—MIDDLE NAME
[illegible] Richard

2. GRADE: 05 | COMPONENT OR POSITION: [illegible] | 3. IDENTIFICATION NO.: [illegible]

4. HOME ADDRESS (Number, street or RFD, city or town, State and ZIP Code)

5. PURPOSE OF EXAMINATION: Retire [illegible]

6. DATE OF EXAMINATION: 10-21-00

7. SEX: Male | 8. RACE: Cauc. | 9. TOTAL YEARS GOVERNMENT SERVICE — MILITARY: 20 | CIVILIAN

10. AGENCY: DOD/DO NAVY | 11. ORGANIZATION UNIT

12. DATE OF BIRTH: 1-6-54 | 13. PLACE OF BIRTH: Rochester N.Y.

14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN: H.C. [illegible] (same #4) Wife

15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS: Coast Guard Island, Alameda, California N&MCRC, Med. Dept., San Jose, CA. 95112-1699 Branch Clinic, USCG,

16. OTHER INFORMATION: Relig. Pref.: Ca[illegible]

17. RATING OR SPECIALTY: Rate/Officer Designator 1115 | TIME IN THIS CAPACITY (Total): 20 | LAST SIX MONTHS

## CLINICAL EVALUATION

(Check each item in appropriate column; enter "NE" if not evaluated.)

| NORMAL | ITEM | ABNORMAL |
|---|---|---|
| ✓ | 18. HEAD, FACE, NECK, AND SCALP | |
| ✓ | 19. NOSE | |
| ✓ | 20. SINUSES | |
| ✓ | 21. MOUTH AND THROAT | |
| ✓ | 22. EARS—GENERAL (Int. & ext. canals) (Auditory acuity under items 70 and 71) | |
| ✓ | 23. DRUMS (Perforation) | |
| ✓ | 24. EYES—GENERAL (Visual acuity and refraction under items 59, 60 and 67) | |
| ✓ | 25. OPHTHALMOSCOPIC | |
| ✓ | 26. PUPILS (Equality and reaction) | |
| ✓ | 27. OCULAR MOTILITY (Associated parallel movements, nystagmus) | |
| ✓ | 28. LUNGS AND CHEST (Include breasts) | |
| ✓ | 29. HEART (Thrust, size, rhythm, sounds) | |
| ✓ | 30. VASCULAR SYSTEM (Varicosities, etc.) | |
| ✓ | 31. ABDOMEN AND VISCERA (Include hernia) | |
| ✓ | 32. ANUS AND RECTUM (Hemorrhoids, fistulae) (Prostate, if indicated) | |
| ✓ | 33. ENDOCRINE SYSTEM | |
| ✓ | 34. G-U SYSTEM | |
| | 35. UPPER EXTREMITIES (Strength, range of motion) | ✓ |
| | 36. FEET | ✓ |
| | 37. LOWER EXTREMITIES (Except feet) (Strength, range of motion) | |
| ✓ | 38. SPINE, OTHER MUSCULOSKELETAL | |
| ✓ | 39. IDENTIFYING BODY MARKS, SCARS, TATTOOS | |
| | 40. SKIN, LYMPHATICS | ✓ |
| ✓ | 41. NEUROLOGIC (Equilibrium tests under item 72) | |
| ✓ | 42. PSYCHIATRIC (Specify any personality deviation) | |
| | 43. PELVIC (Females only) (Check how done) ☐ VAGINAL ☐ RECTAL | |

NOTES. (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary.)

AA: Favorable/Unfavorable
SBT: Steady/ Unsteady
VALSALVA: WNL/ Abnormal

#32 Prostate – WNL
Hemoccult ⊖

– swelling DIP joint (L) 4th finger
swelling 1st and [illegible] toes bilat.

#39 Identifying Body Marks/ Scars/ Tattoos No
raised red plaque [illegible] [illegible]

(Continue in item 73)

44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.)

Restorable teeth | Non-restorable teeth | Missing teeth | Replaced by dentures | Fixed Partial dentures

RIGHT: 1 (X) 2 3 4 5 6 7 8 | 9 10 11 12 13 14 15 16 LEFT
32 (X) 31 30 29 28 27 26 25 | 24 23 22 21 20 19 18 17 (X)

REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES: T2 Dental Examination
TYPE: 1 2 3 EXAM
CLASS: 1 2 3 4
DENTALLY QUALIFIED YES NO
Qualified: Yes No

### LABORATORY FINDINGS

45. URINALYSIS: A. SPECIFIC GRAVITY
B. ALBUMIN: NEG
C. SUGAR: NEG
D. MICROSCOPIC: NEG

46. CHEST X-RAY (Place, date, film number and result)

47. SEROLOGY (Specify test used and result): RPR: NR

48. EKG: WNL

49. BLOOD TYPE AND RH FACTOR: O POS

50. OTHER TESTS: GLU 99 CHOL 163 TRIG 128 LDL 103
HCT 44.1 HDL 34 HIV NEG
G6PD NORM SCT NEG

00141

## MEASUREMENTS AND OTHER FINDINGS

| 51. HEIGHT | 52. WEIGHT | 53. COLOR HAIR | 54. COLOR EYES | 55. BUILD: | 56. TEMPERATURE |
|---|---|---|---|---|---|
| 71 | 205 | Brown | Brown | ☐ SLENDER ☒ MEDIUM ☐ HEAVY ☐ OBESE | 98.1 |

57. BLOOD PRESSURE (Arm at heart level)

| A. SITTING | | B. RECUMBENT | | C. STANDING (3 min.) | |
|---|---|---|---|---|---|
| SYS. | 130 | SYS. | | SYS. | |
| DIAS. | 80 | DIAS. | | DIAS. | |

58. PULSE (Arm at heart level)

| A. SITTING | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN. |
|---|---|---|---|---|
| 66 | | | | |

59. DISTANT VISION

RIGHT 20/ >200 CORR. TO 20/ 25

LEFT 20/ >200 CORR. TO 20/ 20

60. REFRACTION

BY S. CX

BY S. CX

61. NEAR VISION

20 >200 CORR. TO 20/25 BY

20 > 200 CORR. TO 20/25 BY

62. HETEROPHORIA (Specify distance)

| ES | EX | R. H. | L. H. | PRISM DIV. | PRISM CONV. | CT | PC | PD |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

63. ACCOMMODATION

RIGHT LEFT

64. COLOR VISION (Test used and result)

F 9/9

65. DEPTH PERCEPTION (Test used and score)

UNCORRECTED

CORRECTED

66. FIELD OF VISION

67. NIGHT VISION (Test used and score)

68. RED LENS TEST

69. INTRAOCULAR TENSION

70. HEARING

RIGHT WV /15 SV /15

LEFT WV /15 SV /15

71. AUDIOMETER

| | 250 256 | 500 512 | 1000 1024 | 2000 2048 | 3000 2896 | 4000 4096 | 6000 6144 | 8000 8192 |
|---|---|---|---|---|---|---|---|---|
| RIGHT | — | 05 | 00 | 00 | 20 | 20 | 20 | — |
| LEFT | — | 05 | 10 | 25 | 40 | 50 | 50 | — |

72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score)

73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY

This Physical Exam has been reviewed for completeness and accuracy by:

Signature Date

(Use additional sheets if necessary)

74. SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)

Psoriasis arthritis - Dx'ed as psoriatic arthritis

75. RECOMMENDATIONS—FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify)

Board Review for "Psoriatic Arthritis" Hist

76. A. PHYSICAL PROFILE

| P | U | L | H | E | S |
|---|---|---|---|---|---|
| | | | | | |

77. EXAMINEE (Check)

A. ☒ IS QUALIFIED FOR Retention in the USN-R PQ to Perform all duties of His/Her Rank/Rate at Sea or on Foreign Shores.

B. ☐ IS NOT QUALIFIED FOR Pending Board Review PQ & AA for DIACA/DIF AS SG- I/II/III

B. PHYSICAL CATEGORY

| A | B | C | E |
|---|---|---|---|
| | | | |

78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER

79. TYPED OR PRINTED NAME OF PHYSICIAN: G T RUMOLZE CAPT MC USNR SIGNATURE

80. TYPED OR PRINTED NAME OF PHYSICIAN SIGNATURE

81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which) SIGNATURE

82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY SIGNATURE

NUMBER OF ATTACHED SHEETS

00142

GPO: 1971 445-044/15

...FIRST NAME—MIDDLE NAME ... AND WILL NOT BE RELEASED TO UNAUTHORIZED PERSONS)

Ha... ...an Richard

| | |
|---|---|
| 3. HOME ADDRESS (No. street or ... city or town, State, and ZIP CODE) | 2. ... SECURITY ... NO. |
| | 4. POSITION (title, grade, component) ED Tech |
| 5. PURPOSE OF EXAMINATION NPQ - Retention | 6. DATE OF EXAMINATION |
| | 7. EXAMINING FACILITY OR EXAMINER, AND ADDRESS (Include ZIP Code) Coast Guard Island Branch Clinic, Alameda, CA. N&MCRC, Medical Dept., San Jose, CA. 95112-1699 |

8. STATEMENT OF EXAMINEE'S PRESENT HEALTH AND MEDICATIONS CURRENTLY USED (Follow by description of past history, if complaint exists)

Current Health: Excellent (Good) Fair Poor
Medications: NONE
Allergies to Medications: NONE
Have you ever been diagnosed or had any level of treatment for alcohol abuse or dependence? Yes (No)
Any significant change in physical condition since your last Physical? Yes (No)

9. HAVE YOU EVER (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| | X | Lived with anyone who had tuberculosis |
| | X | Coughed up blood |
| | X | Bled excessively after injury or tooth extraction |
| | X | Attempted suicide |
| | X | Been a sleepwalker |

10. DO YOU (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| X | | Wear glasses or contact lenses |
| X | | Have vision in both eyes |
| | X | Wear a hearing aid |
| | X | Stutter or stammer habitually |
| | X | Wear a brace or back support |

11. HAVE YOU EVER HAD OR HAVE YOU NOW (Please check at left of each item)

| YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|
| | X | | Scarlet fever, erysipelas |
| | X | | Rheumatic fever |
| X | | | Swollen or painful joints |
| | X | | Frequent or severe headache |
| | X | | Dizziness or fainting spells |
| | X | | Eye trouble |
| | X | | Ear, nose, or throat trouble |
| | X | | Hearing loss |
| | X | | Chronic or frequent colds |
| | X | | Severe tooth or gum trouble |
| | X | | Sinusitis |
| | X | | Hay Fever |
| | X | | Head injury |
| X | | | Skin diseases |
| | X | | Thyroid trouble |
| | X | | Tuberculosis |
| | X | | Asthma |
| | X | | Shortness of breath |
| | X | | Pain or pressure in chest |
| | X | | Chronic cough |
| | X | | Palpitation or pounding heart |
| | X | | Heart trouble |
| | X | | High or low blood pressure |

| YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|
| | X | | Cramps in your legs |
| | X | | Frequent indigestion |
| | X | | Stomach, liver, or intestinal trouble |
| | X | | Gall bladder trouble or gallstones |
| | X | | Jaundice or hepatitis |
| | X | | Adverse reaction to serum, drug, or medicine |
| | X | | Broken bones |
| | X | | Tumor, growth, cyst, cancer |
| | X | | Rupture/hernia |
| | X | | Piles or rectal disease |
| | X | | Frequent or painful urination |
| | X | | Bed wetting since age 12 |
| | X | | Kidney stone or blood in urine |
| | X | | Sugar or albumin in urine |
| | X | | VD—Syphilis, gonorrhea, etc. |
| | X | | Recent gain or loss of weight |
| X | | | Arthritis, Rheumatism, or Bursitis |
| X | X | | Bone, joint or other deformity |
| X | X | | Lameness |
| | X | | Loss of finger or toe |
| | X | | Painful or "trick" shoulder or elbow |
| | X | | Recurrent back pain |

| YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|
| | X | | "Trick" or locked knee |
| | X | | Foot trouble |
| | X | | Neuritis |
| | X | | Paralysis (include infantile) |
| | X | | Epilepsy or fits |
| | X | | Car, train, sea or air sickness |
| | X | | Frequent trouble sleeping |
| | X | | Depression or excessive worry |
| | X | | Loss of memory or amnesia |
| | X | | Nervous trouble of any sort |
| | X | | Periods of unconsciousness |

12. FEMALES ONLY: HAVE YOU EVER

| YES | NO | DON'T KNOW | |
|---|---|---|---|
| | | | Been treated for a female disorder |
| | | | Had a change in menstrual pattern |

13. WHAT IS YOUR USUAL OCCUPATION?

COMPUTER TECH

14. ARE YOU (Check one)

☐ Right handed ☒ Left handed

93-103

00143

| | | |
|---|---|---|
| | ~ Sensitivity to chemicals, dust, sunlight, etc. | - PSORIATIC ARTHRITIS |
| | B. Inability to perform certain motions. | PSORIASIS |
| X | C. Inability to assume certain positions. | |
| X | D. Other medical reasons (If yes, give reasons.) | - ONGOING FLU LIKE ATTACKS 1-3 MONTHS (VOMIT, FEVER, HEADACHE) |
| X | 16. Have you ever been treated for a mental condition? (If yes, specify when, where, and give details). | |
| X | 17. Have you ever been denied life insurance? (If yes, state reason and give details.) | |
| X | 18. Have you had, or have you been advised to have, any operations? (If yes, describe and give age at which occurred.) | |
| X | 19. Have you ever been a patient in any type of hospital? (If yes, specify when, where, why, and name of doctor and complete address of hospital.) | |
| X | 20. Have you ever had any illness or injury other than those already noted? (If yes, specify when, where, and give details.) | |
| X | 21. Have you consulted or been treated by clinics, physicians, healers, or other practitioners within the past 5 years for other than minor illnesses? (If yes, give complete address of doctor, hospital, clinic, and details.) | |
| X | 22. Have you ever been rejected for military service because of physical, mental, or other reasons? (If yes, give date and reason for rejection.) | |
| X | 23. Have you ever been discharged from military service because of physical, mental, or other reasons? (If yes, give date, reason, and type of discharge: whether honorable, other than honorable, for unfitness or unsuitability.) | |
| X | 24. Have you ever received, is there pending, or have you applied for pension or compensation for existing disability? (If yes, specify what kind, granted by whom, and what amount, when, why.) | #24 VA 40% SERVICE RELATED |

I certify that I have reviewed the foregoing information supplied by me and that it is true and complete to the best of my knowledge. I authorize any of the doctors, hospitals, or clinics mentioned above to furnish the Government a complete transcript of my medical record for purposes of processing my application for this employment or service.

| TYPED OR PRINTED NAME OF EXAMINEE (Full Name) | SIGNATURE (Normal) |
|---|---|
| WILLIAM RICHARD HAVENS | William R Havens |

NOTE: HAND TO THE DOCTOR OR NURSE, OR IF MAILED MARK ENVELOPE "TO BE OPENED BY MEDICAL OFFICER ONLY."

25. Physician's summary and elaboration of all pertinent data (Physician shall comment on all positive answers in items 9 through 24. Physician may develop by interview any additional medical history he deems important, and record any significant findings here.)

Flu like symptoms q 3-4 mo since '95

Psoriasis + Psoriatic arthritis since '95

| TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER | DATE | SIGNATURE | NUMBER OF ATTACHED SHEETS |
|---|---|---|---|
| GJ RUMORE CAPT MC | 2 10 Oct 00 | [signature] | |

REVERSE OF STANDARD FORM 93

★ U.S. GPO: 1994-383-917/09046

00144

TO: W. DEAN PFEIFFER

From: CDR W. R. Havens

7 pages including cover sheet.

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No: 7277-99
29 October 2001

CDR WILLIAM R HAVENS USNR

Dear Commander Havens:

This is in reference to your recent letter in which you ask the Board to reconsider your application for correction of your naval record.

As you know, when a request for corrective action is denied by the Board, sitting in executive session, new and material evidence or other matter not previously considered must be submitted in order to have the Board reconsider its decision. Although some of the information in your letter is new, it is not material, because it does not tend to prove that that you were unfit to perform the duties of your office, grade, rank or rating prior your release from active duty on 1 September 1996. Although psoriatic arthritis can be a serious disease process, it was manifested in your case by fatigue, reduced exercise tolerance, and pain in a finger and two toes, which did not preclude your from performing your duties.

It does not appear that you would have qualified for disability separation or retirement even if Dr. Craig had initiated a medical board in 1996, which he now believes he should have done at that time. As you were pending mandatory separation from the Navy because of your non-selection for promotion, you would have been subject to the presumption of fitness outlined in SECNAVINST 1850.4C, paragraph 2056. Since there is no indication that you had been improperly retained on active duty after being diagnosed with psoriatic arthritis, and as your condition was not grave, it is extremely unlikely that the presumption would have been successfully rebutted.

In view of the foregoing, further review of your case is not warranted.

Sincerely,

W. DEAN PFEIFFER
Executive Director

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No: 7277-99
20 August 2001

CDR WILLIAM R HAVENS USNR

Dear Commander Havens:

This is in reference to your letter dated 13 August 2001, in which you ask the Board to reconsider its decision to deny your initial request for correction of your naval record.

As was pointed out to you in our letter of 13 June 2000, when a request for corrective action is denied by the Board, sitting in executive session, new and material evidence or other matter not previously considered must be submitted in order to have the Board reconsider its decision. After a careful review of your letter I am unable to find any new and material evidence or other matter not previously considered by the Board.

The sections of DOD Instruction 1332.38 cited in your letter are not applicable to your case. With regard to the first paragraph you cited, I invite your attention to SECNAVINST 1850.4D, paragraph 2038b, which provides, in effect, that the definition of "incurred while entitled to basis pay" shall not be construe to entitle any member not on active duty, who, at the time of separation from active duty was considered fit to continue naval service, to benefits under 10 U.S. Code, chapter 61, because of an increase in impairment occurring while the member was not entitled to basic pay. The second paragraph you cited applies to conditions incurred by a reservist while on a call to active duty for more than thirty days. It appears that your conditions were incurred while you were on extended active duty prior to your transfer to the Naval Reserve. As you have not alleged that your conditions became more severe while you were entitled to basic pay following your release from active duty in 1996, further review of your case is not warranted; accordingly, I regret to inform you that your request for reconsideration must be denied.

Sincerely,

W. DEAN PFEIFFER
Executive Director

00147

From: CDR William R. Havens USNR
To: Board for Correction of Naval Records

Subj: Request for re-opening of Docket No: 7277-99 for reconsideration

Ref: (a) DODI 1332.38
(b) 10 U.S.C. 1201
(c) 10 U.S.C. 1204
(d) SECNAVINST 1850.4D
(e) SECNAVINST 1770.3B
(f) 37 U.S.C. 204

JRE
c/o 6/19/00
Deny

Encl: (1) BUMED ltr 6110/252 25/RON/A100360 of 11 Jan 01
(2) PED findings of 19 July 2001
(3) My ltr of 10 March 2001

1. Respectively, request re-opening of Docket No: 7277-99 for reconsideration of the following vice the reversal of separation as requested. This request is made based on the changes in my status since my original request.

2. Per enclosures (1) and (2), I have been found unfit for naval service (which I concur with) because of my psoriasis and psoriatic arthritis. Since these conditions where diagnosed and treated during my final two years of active duty, reference (a) sections E3.P4.3 and E3.P4.2.1.2 should apply. I appealed to Physical Evaluation Board (PEB) for consideration for retirement under reference (b) and not under reference (c) per reference (a). PEB will not assign me a disability rating without a notice of eligibility (NOE) from CNRF per reference (d). Since my conditions where incurred while in an active duty status over 30 days an NOE was not applicable per reference (e). Without an NOE enclosure (2) was issued without a "line of duty finding" and disability rating as required under reference (a) to allow retirement under reference (b).

2. Request I be authorized:

- Disability rating under reference (d), without an NOE.
- Considered under the statutory provisions applicable to the duty status at the time of onset of conditions per reference (a) and authorized a retirement under reference (b).

3. In addition, per enclosure (3), I requested benefits under reference (f) and recall back into active duty status pending PEB results per 8.c of reference (e). To date I have not received a response to my request. Request BCNR authorize:

- Benefits per 1.g of reference (e) and place me in an active duty status pending PEB board results for disability rating. If this request is granted I ask BCNR consider back dating my benefits 1.g of reference (e) to one of these possible dates, my request for recall enclosure (3) of March 16, 2001, original date of request to BCNR of November ~~2000~~ 1999, or date of when a medical board should have been conducted of September 1996.

Sincerely

William R. Havens
William R. Havens

00143

DEPARTMENT OF THE NAVY
NAVAL AND MARINE CORPS RESERVE CENTER
995 E. MISSION STREET
SAN JOSE, CALIFORNIA 95112-1699

IN REPLY REFER TO:

6120
Ser N5/201
JUN 0 2 2000

From: Commanding Officer, Naval Air Reserve Center San Jose
To: CDR William Havens, USNR-R,

Subj: DETERMINATION OF PHYSICAL FITNESS

Ref: (a) NAVMED P-117
(b) NPQ Page 13
(c) BUPERSINST 1001.39B
(d) COMNAVRESFORINST 1001.5B

1. Per reference (a), you have been placed in a not physically qualified (NPQ) status because of PSORIATIC ARTHRITIS.

2. References (b) and (c) require a periodic report of your physical condition. Request you provide the Medical Department with a summary of treatment and prognosis from your attending physician.

3. Point of contact is HM2 Falvey at (408) 294-3070 x52

J.F. Lowder
J.F. LOWDER

00149

enclosure (1)

| Date Printed 19 Jul 2001 | Findin of the Physical Evaluation Board Proceedings | Page 1 |
|---|---|---|

**PERSONNEL DATA**

| 1. Name | 2. SSN | 3. Rate/Rank | 4. Service | 5. Desig. | 6. LOS |
|---|---|---|---|---|---|
| HAVENS, William R | | Cdr | USNR | | 20 yrs. 0 mos. |

**PHYSICAL EVALUATION BOARD**

7. The Board convened at: NCPB, Washington DC, 07/16/2001 to consider the MedBoard originated at: New Orleans, LA

Board Membership Consisted of:
CDR, USN, Medical Officer
Col., USMC, Line Officer
Capt., USNR, Line Officer

**FINDINGS**

| 8. Finding | 9. Recommended Disposition | 10. Combined Disability Rating |
|---|---|---|
| Unfit | Not Physically Qualified to Continue Reserve Status | |

**DIAGNOSES AND RATINGS**

| Category I: Unfitting Conditions | VA Diagnostic Codes | Disability Rating or Reason if not rated |
|---|---|---|
| 1. HISTORY OF PSORIATIC ARTHRITIS (0000) | | |

**ADDITIONAL FINDINGS**

11. The disability is not a proximate result of performing military duty.
12. The disability may be permanent.

H. Lawson, Jr., LtCol., USMC
By Direction

00150

enclosure (2)

6110
10 Mar 01

From: CDR William R. Havens, USNR, 1115
To: Commander, Navy Personnel Command
Via: Commanding Officer, Naval Air Reserve Center
San Jose

Subj: REQUEST FOR RETURN TO ACTIVE DUTY

Ref: (a) CNPC ltr 6110 PERS-911 of 25 Jan 01
(b) BUMED ltr 6110/252 25/RON/A100360 of 11 Jan 01
(c) SECNAVINST 1770.3B
(d) 37 U.S.C. 204

Encl: (1) VA ltr 343/211/ty of 24 Sep 97

1. Reference (a) assigned me a Physical Risk Classification of "5" for medical conditions as given by reference (b) for psoriatic arthritis and psoriasis. In response to reference (a), I have requested my medical record be referred to the Physical Evaluation Board (PEB) for a final determination.

2. As my psoriatic arthritis and psoriasis were diagnosed and treated while I was in an active duty status and are service connected per enclosure (1) an NOE is not applicable. I request to be placed back into an active duty status with basic pay per references (c) and (d) pending PEB's review and notification of decision.

Sincerely

William R. Havens

William R. Havens
CDR USNR

00151

Enclosure (3)

incurred or aggravated while remaining overnight, between successive periods of inactive duty training, at or in the vicinity of the site of the inactive duty training if the site is outside reasonable commuting distance from the member's residence.

E3.P4.2. Proximate Result

E3.P4.2.1. The DES shall make a determination of proximate result on Reserve component cases when:

E3.P4.2.1.1. The member is not currently on a call to active duty of more than 30 days; and

E3.P4.2.1.2. The unfitting disability was not incurred or aggravated while the member was on an a call to active duty of more than 30 days; and

E3.P4.2.1.3. The unfitting disability may have been incurred or aggravated while the member was performing duty of 30 days or less as specified in subsection E3.P4.1.1.1.3., above.

E3.P4.2.2. A disability shall be deemed the proximate result of performing duty when it is a direct consequence of an occurrence during any of the periods of duty specified in subsection E3.P4.1.1.1.3., above. All facts, circumstances, and laws on a particular case must be considered.

E3.P4.3. Applicable Statute for Reserve Component Members.

A Reserve component member shall be adjudicated under the statutory provisions applicable to his or her duty status at the time of onset or aggravation of the condition for which the member is determined unfit. This means a Ready Reserve member not on extended active duty at the time of his or her referral into the DES, but who is determined unfit for a disability incurred or aggravated while the member was on a call to active duty of more than 30 days, comes under the provisions of 10 U.S.C. 1201 - 10 U.S.C. 1203 and not 10 U.S.C. 1204 - 1206 (reference (b)). In such a situation, "in line of duty while entitled to basic pay" rather than "proximate result" is the applicable statutory requirement for entitlement to disability compensation.

E3.P4.4. Line of Duty Requirements.

In the DES, line of duty determinations assist the PEB and appellate review authority



00152

FedEx® Express USA Airbill

8303 3434 4811

0200

Form I.D. No.

**FedEx Retrieval Copy**

1 From
Date 8/18/01
Sender's FedEx Account Number
Sender's Name W.R. HAVENS
Phone
Company
Address
City State ZIP

2 Your Internal Billing Reference

3 To
Recipient's Name BOARD FOR CORRECTION
Phone
Company OF NAVAL RECORDS
Address 2 NAVY ANNEX
To "HOLD" at FedEx location, print FedEx address.
We cannot deliver to P.O. boxes or P.O. ZIP codes.
Dept./Floor/Suite/Room
City WASHINGTON State D.C. ZIP 20370-5100

8303 3434 4811

4a Express Package Service
Packages up to 150 lbs.
Delivery commitment may be later in some areas.
[X] FedEx Priority Overnight — Next business morning
5 [ ] FedEx Standard Overnight — Next business afternoon
6 [ ] FedEx First Overnight — Earliest next business morning delivery to select locations
[ ] FedEx 2Day — Second business day
20 [ ] FedEx Express Saver — Third business day
77 [ ] NEW FedEx Extra Hours
FedEx Envelope not available. Minimum charge: One-pound rate

4b Express Freight Service
Packages over 150 lbs.
Delivery commitment may be later in some areas.
7 [ ] FedEx 1Day Freight* — Next business day
8 [ ] FedEx 2Day Freight — Second business day
83 [ ] FedEx 3Day Freight — Third business day
* Call for Confirmation

5 Packaging
6 [X] FedEx Envelope*
2 [ ] FedEx Pak* — Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak
1 [ ] Other Pkg. — Includes FedEx Box, FedEx Tube, and customer pkg.
* Declared value limit $500

6 Special Handling
Include FedEx address in Section 3.
3 [ ] SATURDAY Delivery — Available only for FedEx Priority Overnight and FedEx 2Day to select ZIP codes
33 [ ] SUNDAY Delivery — Available only for FedEx Priority Overnight to select ZIP codes
1 [ ] HOLD Weekday at FedEx Location — Not available with FedEx First Overnight
31 [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
One box must be checked.
[X] No
4 [ ] Yes — As per attached Shipper's Declaration
9 [ ] Dry Ice
[ ] Cargo Aircraft Only
Dangerous Goods (incl. Dry Ice) cannot be shipped in FedEx packaging.

7 Payment Bill to:
Enter FedEx Acct. No. or Credit Card No. below.
1 [ ] Sender — Acct. No. in Section 1 will be billed
2 [ ] Recipient
3 [ ] Third Party
4 [ ] Credit Card
5 [X] Cash/Check
[ ] Obtain Recip. Acct. No.
CASH
FedEx Acct. No. / Credit Card No.
Exp. Date [redacted]

Total Packages
Total Weight
Total Charges 7.74
Credit Card Auth.

Our liability is limited to $100 unless you declare a higher value. See the FedEx Service Guide for details.

8 Release Signature — Sign to authorize delivery without obtaining signature.

By signing you authorize us to deliver this shipment without obtaining a signature and agree to indemnify and hold us harmless from any resulting claims.

Rev. Date 12/00 • Part #155915 • GBFE 7/01

404

00153

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

JRE
Docket No: 7277-99
13 June 2000

CDR WILLIAM R HAVENS USNR R

Dear Commander Havens:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 8 June 2000. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record and applicable statutes, regulations and policies.

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice. The Board noted that although you suffered from a number of health conditions prior to your release from active duty, you were found physically qualified for release from active duty. In addition, you completed a Standard Form 93, Report of Medical History, on 9 September 1996 in which you stated that you were in "good health and in good shape". Neither the Manual of the Medical Department nor the Military Personnel Manual provisions you cited required that you be retained on active duty for further evaluation and treatment or evaluation by a medical board, because such actions are required only when recommended by competent medical authority, which did not occur in your case. The fact that the Department of Veterans Affairs (VA) awarded you a combined disability rating of 40% for psoriasis and related conditions, psoriatic arthritis, and an "undiagnosed illness manifested by fatigue and recurrent fevers" was not considered probative of error or injustice in your naval record. In this regard, the Board noted that the VA assigns disability ratings to conditions it classifies as "service connected", i.e., incurred in, aggravated by, or traceable to a period of military service. Unlike the VA, the military departments do not award ratings based on the mere presence of conditions listed in the VA Schedule for Rating Disabilities. The military departments may rate only those conditions which render the service member unfit to perform the duties of his office, grade, rank or rating. You were not referred to the