IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM HAVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-780C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant respectfully requests that the Court dismiss the complaint filed by plaintiff, Commander William Havens, because the Court does not possess subject matter jurisdiction. In support of our motion, we rely upon the following brief and the administrative record.[1]

BRIEF

STATEMENT OF THE ISSUES

Does the six year statute of limitations bar the wrongful discharge and disability claims asserted by Commander Havens?

STATEMENT OF THE CASE

Commander Havens filed the complaint on November 7, 2007. The complaint asserts a claim for wrongful discharge of Commander Havens from active duty in 1996 (the "discharge claim"). Compl. ¶¶ 7-27, 86-93 & Relief ¶ 1. The complaint also asserts a claim for denial of disability retirement and severance benefits (the "disability claim"). Compl. ¶¶ 60-80, 86-93 & Relief ¶¶ 2-4. Both claims are barred by the statute of limitations, 28 U.S.C. § 2501.

[1] We refer to the administrative record, filed on May 5, 2008, as "AR [Page No.]." The Court may consider relevant evidence of jurisdictional facts in the administrative record on this Rule 12(b)(1) motion. See Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747-48 (Fed. Cir. 1988); Chaney v. United States, 75 Fed. Cl. 206, 207-08 & n.1, 212 (2007).

STATEMENT OF FACTS

Commander Havens is a retired officer with over 20 years of combined service in the United States Navy ("Navy") and the United States Naval Reserve ("Reserve"). Compl. ¶¶ 3, 30, 77; AR 26 (DD Form 214). Commander Havens served on active duty in the Navy from March 1980 until his honorable discharge in August 1996. Id. The Navy discharged Commander Havens from active duty with over $80,000 of separation pay after he was not selected for promotion in two consecutive years. Compl. 10, 22, 23; AR 169 (Sept. 24, 1997 Ltr. from VA: "You received separation pay of $80,225.64 from the military."); AR 162 (Ltr. from Cmdr. Havens: "I … opted for a severance pay"). Prior to his discharge from active duty, Commander Havens alleges that he requested a medical board to evaluate his disability, but the Navy did not provide one. Compl. ¶ 19-21. Commander Havens then served in the Reserve from September 1996 until March 1, 2002. Compl. ¶¶ 21, 77.

In November 1999, Commander Havens filed an application before the Board for Correction of Naval Records ("BCNR" or "board"). AR 167 (first BCNR application). He complained that he was "not provided a medical board during the year prior to or at my separation." AR 162 (Nov. 11, 1999 Ltr. from Cmdr. Havens). He stated further that his "medical record … documents … ongoing medical conditions that required a convening of a medical board," including "psoriatic arthritis, psoriasis with onychomyosis, and an undiagnosed illness." Id. Commander Havens requested a medical board because the "difference between disability retirement and retirement under FOS [failure of selection for promotion] is significant," and he "would have chosen disability had [he] been offered the choice." Id.

The BCNR considered the application, "together with all material submitted in support thereof, [his] naval record and applicable statutes, regulations and policies." AR 154 (June 13,

2000 BCNR decision). The BCNR denied the application because, among other reasons, Commander Havens wrote near the time of his discharge that, despite his various medical conditions, he was in "good health and in good shape." AR 154 (June 13, 2000 BCNR decision); see also AR 166 (SF93, Report of Medical History, Sept. 9, 1996: "Good health and in good shape – Found fit for full duty during last examination July 1996"). The BCNR concluded that he was "not referred to the disability evaluation system in 1996 because [his] fitness for duty was not in question." AR 154-55 (June 13, 2000 BCNR decision).

Over one year later, in August 2001, Commander Havens asked the BCNR to reconsider his application. AR 148-53. He enclosed a report issued by a Physical Evaluation Board ("PEB"), which found him "Unfit" and "Not Physically Qualified to Continue Reserve Status" due to psoriatic arthritis, which "may be permanent," but "is not a proximate result of performing military duty." AR 150. Commander Havens stated: "Per enclosures (1) and (2) [the PEB report], I have been found unfit for naval service (which I concur with) because of my psoriasis and psoriatic arthritis." AR 148 (August 2001 Ltr. from Cmdr. Havens). He requested a disability rating and disability retirement pay pursuant to 10 U.S.C. § 1201. Id. The BCNR denied reconsideration on August 20, 2001. AR 147. Commander Havens requested, and the BCNR denied, reconsideration again in October 2001. AR 138-145 (October 2001 Ltr. from Cmdr. Havens); AR 136 (Oct. 29, 2001 Ltr. from BCNR).

Commander Havens filed a second BCNR application in January 2002 requesting a disability rating and related findings. AR 122-23. The BCNR treated this as a request for reconsideration and denied it.[2] AR 120 (May 22, 2002 Ltr. from BCNR).

---

[2] Commander Havens later wrote: "I have created a royal mess and muddied up the whole process with my original petition and my follow on reconsiderations to the original petition. And then now with my second petition, I have confused the situation even more.'" AR 113.

Commander Havens filed a third application with the BCNR in February 2005, claiming that he was entitled to disability retirement pay and severance pay because a "physical disability was incurred while on active duty over 30 days and did not become aggravated or more severe while in a non-duty status." AR 24, 38 (third BCNR application). Commander Havens included with his third application a letter from Dr. Kevin Craig, who was the medical officer that conducted the pre-separation physical examination of Commander Havens in 1996. AR 36. (Sept. 26, 2001 Ltr. from Dr. Craig). Dr. Craig found "no evidence that his disease has significantly progressed since the time I performed his separation physical in 1996." Id. Dr. Craig concluded: "if [Commander Havens] was physically qualified for active duty in 1996, then since his condition is not manifestly changed during the interim he should be found physically qualified now." Id. The BCNR denied the third application and still yet another request for reconsideration by Commander Havens. AR 4-5 (Aug. 4, 2006 Ltr. from BCNR denying third application); AR 1 (April 9, 2007 Ltr. from BCNR denying reconsideration).

## ARGUMENT

### I. THE COURT SHOULD DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(B)(1) AND 28 U.S.C. 2501

#### A. The Court's Jurisdiction Is Limited

The Court of Federal Claims is a court of limited jurisdiction. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Congress created the Court to permit "'a special and limited class of cases' to proceed against the United States." Hercules Inc. v. United States, 516 U.S. 417, 423 (1996) (quoting Tennessee v. Sneed, 96 U.S. 69, 75 (1878)). The Court "'take[s] cognizance only of those claims which by the terms of some act of Congress are committed to it.'" Hercules, 516 U.S. at 423 (quoting Thurston v. United States, 232 U.S. 469, 476 (1914)).

The Tucker Act is the "primary statute" governing the jurisdiction of the Court. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994). Commander Havens invokes the Court's Tucker Act jurisdiction and relies upon the Military Pay Act as a money mandating statute. Compl. ¶ 2. The Court, nevertheless, does not possess subject matter jurisdiction because the claims in the complaint are time barred.

B. The Statute Of Limitations Circumscribes The Court's Jurisdiction

"Statutes of limitation are vital to the welfare of society and are favored in the law." United States v. Oregon Lumber Co., 260 U.S. 290, 299 (1922) (quoting Wood v. Carpenter, 101 U.S. 135, 139 (1879)). They are not mere "technical" rules, but rather, are "substantial and meritorious." Id. Statutes of limitations serve an important role in promoting justice by "protecting parties from the prosecution of stale claims, when, by loss of evidence from death of some witnesses, and the imperfect recollection of others, or the destruction of documents, it might be impossible to establish the truth." Id. at 300 (quoting Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386, 390 (1869)). The expiration of the applicable statute of limitations bars a

plaintiff's claims "without regard to whether the claim would otherwise be meritorious." United States v. Dalm, 494 U.S. 596, 610 (1990).

Section 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The law is "well-settled" that "section 2501 creates a jurisdictional condition precedent for suit in the Court of Federal Claims, which may not be waived by the parties" and is not susceptible to equitable tolling. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354-55 (2006), aff'd, 128 S. Ct. 750, 753-54 (2008). As "a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity," section 2501 "must be strictly construed." MacLean v. United States, 454 F.3d 1334, 1336 (Fed. Cir. 2006) (quoting Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988)). Section 2501 imposes a "more absolute kind of limitations period" that seeks to "achieve a broad system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency." John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750, 753 (2008) (internal citations omitted).

Commander Havens bears the burden of establishing jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) ("once the [trial] court's subject matter jurisdiction [is] put in question[,] it [is] incumbent upon [the plaintiff] to come forward with evidence establishing the court's jurisdiction"). Commander Havens cannot meet this burden because his wrongful discharge and disability claims accrued more than six years prior to the filing of this action on November 7, 2007.

C. The Wrongful Discharge Claim Accrued In 1996

A claim for wrongful discharge accrues when the service member is discharged or separated from active duty status. Martinez v. United States, 333 F.3d 1295, 1301-03 (Fed. Cir. 2003) (en banc). "[I]t is well settled that the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his right to seek permissive administrative review of his claim." Id. at 1312; see also Brighton Village Assocs. v. United States, 52 F.3d 1056, 1060 (Fed. Cir. 1995) (holding that administrative challenges "did not postpone accrual of … claims"). The Navy discharged Commander Havens from active duty in August 1996, over eleven years prior to the filing of this action. AR 26 (DD Form 214). The six year statute of limitations, therefore, bars his wrongful discharge claim for back pay and other benefits. See 28 U.S.C. § 2501.

D. The Disability Claim Accrued Prior To November 2001

A disability claim accrues when the service member seeks and is denied disability benefits from a board. Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005). "Therefore, if at the time of discharge, the service member requested review by an appropriate board and the request was denied, … then the limitations period begins to run upon discharge." Id. (citing Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990)). "But where the claimant 'has not had or sought a Retiring Board, his claim does not accrue until final action by the Correction Board (which in that instance stands in the place of the Retiring Board as the proper tribunal to determine eligibility for disability retirement).'" Id. (quoting Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381, 396 (Ct. Cl. 1962)).

Commander Havens alleges that his medical condition has been permanent and stable since it was diagnosed in 1995. E.g., Compl. ¶ 81; AR 24 (third BCNR application: "Physical disability was incurred while on active duty … and did not become aggravated or more severe

while in a non-duty status"); AR 138 (October 2001 Ltr. from Cmdr. Havens: "my current condition is the same as it was at the time of my discharge from active duty"). Commander Havens further alleges that he requested a medical board to evaluate the alleged disability prior to his 1996 discharge and that the Navy did not provide one. Compl. ¶¶ 17-21. Accordingly, the disability claim accrued upon his 1996 discharge without a medical board. See Chambers, 417 F.3d at 1224; Real, 906 F.2d at 1561-63.

Even if Commander Havens had not requested a medical board prior to his discharge, he requested, and was denied, relief from the BCNR over six years before filing suit. Commander Havens requested disability benefits in connection with his first BCNR application in 1999 and his two requests for reconsideration in 2001. See AR 162 (Nov. 11, 1999 Ltr. from Cmdr. Havens in support of first BCNR application) (requesting reversal of separation because "I was not provided a medical board" and "I would have chosen disability [retirement benefits] had I been offered the choice"); AR 148 (August 2001 Ltr. from Cmdr. Havens requesting reconsideration: "I have been found unfit for naval service (which I concur with) because of my psoriasis and psoriatic arthritis. … Request I be authorized … [a] [d]isability rating … and authorized a retirement under reference (b) [10 U.S.C. § 1201]"); AR 138-145 (October 2001 Ltr. from Cmdr. Havens requesting reconsideration: "I request to be placed back into an active duty statute allowing me to be adjudicated by the DES system [Disability Evaluation System] under active duty provisions). The BCNR denied these requests for disability benefits, three separate times, prior to November 2001. AR 154-55 (June 13, 2000 Ltr. from BCNR); AR 147 (Aug. 20, 2001 Ltr. from BCNR); AR 136 (Oct. 29, 2001 Ltr. from BCNR).

The disability claim first accrued, if not upon discharge, then no later than the first denial by the BCNR on June 13, 2000. Commander Havens requested reconsideration of his disability

claim on at least five occasions between August 2001 and April 2007. These repeated requests for reconsideration, however, do not toll the statute of limitations. See Real, 906 F.2d at 1560 ("The decision by the first statutorily authorized board which hears or refuses to hear the claim is the triggering event. If at the time of discharge an appropriate board was requested by the service member and the request was refused …, the limitations period begins to run upon discharge. A subsequent petition to the corrections board does not toll the running of the limitations period; nor does a new claim accrue upon denial of the petition by the corrections board") (internal citations omitted); Chaney v. United States, 75 Fed. Cl. 206, 213 (2007) ("Plaintiff's claim for disability retirement pay accrued upon the Board's denial of her initial request to amend her records in [August] 1996" and "[s]ubsequent reconsideration requests [in December 1996 and May 1997] do not toll the statute of limitations or create new claims"), appeal dismissed (2007); Van Allen v. United States, 70 Fed. Cl. 57, 63-64 (2006) (reconsideration petitions filed over one year after BCNR decision that results in subsequent BCNR decisions denying reconsideration do not "deprive the prior … BCNR decision of finality for the purposes of filing suit within the limits set by 28 U.S.C. § 2501"), aff'd on other grounds, 236 F. App'x 612 (Fed. Cir. 2007) (per curiam); Taylor v. United States, 57 Fed. Cl. 313, 316 (2003) (statute of limitations on disability claim accrued on date of board's decision, notwithstanding plaintiff's request for reconsideration by the board 20 years later).

Commander Havens did not file the complaint until November 7, 2007. More than six years earlier, and prior to November 7, 2001, Commander Havens was on notice of (i) his medical condition that was diagnosed in 1995, (ii) the alleged denial of his request for a medical board prior to discharge in 1996, and (iii) three adverse BCNR decisions in 2000 and 2001. The six year statute of limitations bars his disability claim. See 28 U.S.C. § 2501.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL

STEPHEN C. REYES
Lieutenant
Judge Advocate General's Corps
United States Navy
Office of the Judge Advocate General
General Litigation Division (Code 14)
1322 Patterson Avenue, S.E., Suite 3000
Washington Navy Yard, D.C. 20374-5066

May 16, 2008

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, a copy of foregoing "DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick