IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM HAVENS<br>Plaintiff,<br><br>VERSUS<br><br>THE UNITED STATES OF AMERICA<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO: 07-780 C |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Defendant brings a Rule 12(b)(1) Motion to Dismiss two of the three causes of action delineated in plaintiff's complaint which they have identified as the "discharge claim" and the "disability claim." Defendant does not address and presumably does not move to dismiss the claim contained in paragraph 3 of the prayer relief, specifically: "that in the alternative that this court modify the January 2, 2002 decision of the Physical Evaluation Board and that he be granted benefits or separation pay pursuant to SECNAVINST 1850.4D." This action was taken in January of 2002, before plaintiff was discharged from the Naval Reserve, and was within the six years statute of limitations. As delineated herein, the actions sought to be dismissed by the defendant are further within the statute of limitations since they did not accrue until discharge.

## STATEMENT OF THE CASE

Plaintiff, Commander Havens, concurs that the complaint in this action was filed on November 7, 2007. Plaintiff was not "discharged" in 1996 but was transferred to the Selective Reserve. There was no break in service. Plaintiff was not discharged until March 1, 2002, well within the six year statute of limitations.

**STATEMENT OF FACTS**

Plaintiff William Havens was commissioned an Ensign in the United States Naval Reserve on 22 March 1980. Complaint ¶III. Prior to his entry onto active duty, plaintiff did not suffer from any medical injury. Complaint ¶IV. He was selected for the Training and Administration of Reserve (TAR) program in 1986. Complaint ¶V., AR-32. As a TAR, he maintained his Naval Reserve commission and was not augmented into the regular Navy. Contrary to the defendant's statement of facts, he was never a member of the regular component the United States Navy. Instead he was on the Reserve active status list required by 10 U.S.C. § 14002.

Plaintiff reported to Naval Reserve Readiness Center Treasure Island in June 1994 as a Lieutenant Commander (O-4). Complaint ¶VI. He began having a series of medical problems that led to his current claim. The problems were permanent and stable. In his discharge physical[1] the medical officer documented his medical condition. AR-28.

During this time period, the Oaknoll medical center was undergoing closure as part of the Base Realignment and Closure Committee (BRAC) process. Doctors and other medical personnel were on leave and/or being transferred. Complaint ¶XIII. Medical care and administration at Oaknoll during this period was sub-standard. Complaint ¶XIV. He should have been evaluated by the disability evaluation system, but due to downsizing in support of base closures he was not.

At plaintiff's request, his command asked the Treasure Island Clinic to ascertain whether

---

[1] Discharge physical is a term of art and is used in military slang to include complete discharge from the military service, separation from active service or transfer to another reserve component.

the physical disability process was applicable. As the Commanding Officer was on leave, action was delayed for one week. Plaintiff asked that a medical board, the first step in the physical disability process, be scheduled. Complaint ¶XIX. The Air Force medical staff at Travis was unsure how to process a Naval officer for the physical disability evaluation system and did not possess any of the pertinent Navy directives. Complaint ¶XX. No action was ever taken by Air Force or Navy medical personnel. The Medical Officer at Treasure Island Clinic indicated the Commanding Officer did not want to do a Medical Board because it could delay plaintiff's separation and because the facility was understaffed due to the closure. Complaint ¶XXVII.

Plaintiff was released from active duty on 31 August 1996, after 16 years 5 months and 9 days of active service. AR-26. He was not discharged.[2] In stead he was released from active duty and accepted for affiliation in the Selected Reserve. He commenced drilling as a Selected Reservist in September 1996 at the Naval Reserve Center, Sacramento, California with no break in service.

In May of 2000 NARC plaintiff was transferred to a not physically qualified status, without evaluation by a medical officer. Complaint ¶LVI. In January of 2001, the Bureau of Medicine and Surgery directed that plaintiff be placed in a "Category 5" not physically qualified status due to the existing psoriasis and psoriatic arthritis.

In January 2001, plaintiff verbally requested to be placed in the physical disability program and that he be treated as an active duty member pursuant to Department of Defense

[2] In this case, plaintiff was transferred to the Selected Reserve portion of the Ready Reserve as defined in 10 U.S.C. § 10143 and 32 C.F.R. § 100.6(b). Transfer to the Ready Reserve instead of discharge was authorized pursuant to 10 U.S.C §§ 14506 and 14513. Notably on CDR Havens DD-214 there is a notation that he is still eligible for screening and recall to active duty, AR-26.

Instruction (DOD Inst 1332.38 ¶ E3.P4.3 and Secretary of the Navy Instruction (SECNAVINST 1770.3B) ¶ 8c. Complaint ¶LX. No line of duty investigation was completed.

In May of 2001, plaintiff was advised telephonically that he was eligible for a fitness for duty determination by the disability evaluation system pursuant to Secretary of the Navy Instruction (SECNAVINST) 1850.4D ¶ 3309. In June 2001 plaintiff was found to be fit for duty by the Physical Evaluation Board as authorized by 10 U.S.C. § 1216. Complaint ¶LXIV. In July of 2001 the Physical Evaluation board reversed itself and found plaintiff to be not fit for duty and not physically qualified to continue Reserve status. They further found that the disability was not a proximate result of performing military duties. Complaint ¶LXV.

On January 2, 2002, the Physical Evaluation board found plaintiff not physically qualified for active duty in the Naval Reserve. Complaint ¶LXXVI. On March 1, 2002, plaintiff was transferred to the Retired Reserve. At this point he was discharged from the naval service.

**Standard of Review**

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Voisin v. United States* 80 Fed.Cl. 164, 169 (Fed.Cl. 2008). Dismissal for lack of subject matter jurisdiction will be appropriate only if "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Fullard v. United States* 77 Fed.Cl. 226, 229 (Fed.Cl. 2007). Plaintiff must make only a *prima facie* showing of jurisdictional facts through the submitted material in order to avoid dismissal. *Jennette v. United States,* 77 Fed.Cl. 126, 129 (Fed.Cl.,2007). The non-movant bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Cubic Def. Sys.,*

*Inc. v. United States,* 45 Fed.Cl. 239, 245 (1999).

**Argument**

**I. The Court Should Not Dismiss the Complaint for Lack of Subject Matter Jurisdiction**

**A. The Cause of Action Accrues at Discharge.**

In 2003 the Court of Appeals for the Federal Circuit, in an *en banc* opinion, analyzed the appropriate effect of the statute of limitations in military pay cases. *Martinez v. United States*, 333 F.3d 1295 (Fed. Cir. 2003). The *Martinez* court found the following:

> In a military discharge case, this court and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge. *See Bowen v. United States,* 292 F.3d 1383, 1386 (Fed.Cir.2002); *Real v. United States,* 906 F.2d 1557, 1560 (Fed.Cir.1990); *Williams v. Sec'y of the Navy*, 787 F.2d 552, 562 n. 15 (Fed.Cir.1986); *Bray v. United States*, 785 F.2d 989, 994 (Fed.Cir.1986); *Bonen v. United States,* 229 Ct.Cl. 144, 666 F.2d 536, 539 (1981).

*Martinez*, 333 F.3d at 1303. As noted in *Martinez*, other Circuits have come to similar conclusions. *Geyen v. Marsh,* 775 F.2d 1303, 1308 (5th Cir.1985); *Walters v. Sec'y of Defense,* 725 F.2d 107, 114 (D.C.Cir.1983); *Nichols v. Hughes*, 721 F.2d 657, 659 (9th Cir.1983); *Ballenger v. Marsh*, 708 F.2d 349, 350 (8th Cir.1983).

Since plaintiff did not receive his final discharge until 1 March 2002, his claim is timely and not barred by the statute of limitations.

**B. Plaintiff Was Not Discharged Until 1 March 2002.**

A discharge is defined by the Secretary of Defense in 32 C.F.R. § 724.107 as a complete separation from the naval service. The naval service is defined as active and inactive reserve components of the United States Navy and the United States Marine Corps. 32 C.F.R. § 724.101. Issuing a service member a DD-214 does not result in a discharge. In *Lawrence v.*

*Maksym*, 58 M.J. 808, 811 (Nav. Mar. Crt. Crm. Appl. 2003), the Navy-Marine Corps Court of Criminal Appeals addressed the effect of a separation from active duty as opposed to a discharge. The *Lawrence* court found:

> The petitioner asserts that the DD 214 by its own wording is equivalent to a discharge certificate. However, we find that the petitioner was not discharged when he received the DD 214. He merely terminated a period of reserve active duty, but remained a member of the inactive reserves. The DD 214 reflects that the petitioner was a member of the USMCCR (KM)(Ready Reserve or Standby Reserve who may be recalled to active duty by the President),

*Lawrence*, 58 M.J. at 811. *See, also*, *Brannum v. Lake*, 167 Fed.Appx. 813 (D. C. Cir. 2005). The *Lawrence* court went on to note that, as in the instant case, the military member was a member of the Ready Reserve and as such was eligible for recall to active duty pursuant to 10 U.S.C. §§ 12301 and 12302. *Id*.

Since the plaintiff was a member of the Selected Reserve until 1 March 2002, he was not discharged until that date. Thus the cause of action did not accrue until that date.

**Conclusion**

For the reasons indicated herein, the defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

/s/ John B. Wells
John B. Wells
Attorney for the Plaintiff
LA Bar #23970
Post Office Box 5235
Slidell, LA 70469-5235 (mail)
769 Robert Blvd, Suite 201D
Slidell, LA 70458 (physical)
985-641-1855
985-649-1536 (fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that the enclosed pleading was served via the court's CM/ECF system on all counsel by this 7th day of June 2008.

/s/ John B. Wells
John B. Wells