IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM HAVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-780C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS

Defendant, the United States, respectfully submits this reply in support of our Rule 12(b)(1) motion to dismiss dated May 16, 2008.[1]

## I. COMMANDER HAVENS CANNOT CIRCUMVENT CONTROLLING AUTHORITY AND THE STATUTE OF LIMITATIONS FOR WRONGFUL DISCHARGE CLAIMS

In our opening brief, we demonstrated that the discharge claims in the complaint are barred by the six year statute of limitations. In response, Commander Havens acknowledges that the statute of limitations begins to run upon "discharge," but he incorrectly argues that, because he was "separated" from active duty in 1996, his claims arising out of the "separation" from active Reserve duty should not accrue until his "discharge" from inactive Reserve duty in 2002. Pl. Resp. 5-6 (filed June 13, 2008). In support of this argument, Commander Havens argues that Martinez v. United States, 333 F.3d 1295 (Fed. Cir. 2003) (en banc) was wrongly decided. Pl. Resp. 5. The en banc Martinez decision, however, is controlling. Cf. Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005) (noting that the Court of Federal Claims is required to follow Federal Circuit precedent); Brickwood Contrs., Inc. v. United States, 77 Fed. Cl. 624, 629 (2007) ("This Court feels bound by the recent Federal Circuit panel decisions and by the en banc

[1] Defined terms in our opening brief have the same meaning in this reply. On June 13, 2008, Commander Havens filed an unopposed motion to substitute a corrected opposition brief because "there is an obvious and patent error in Document 15 [the original opposition brief]." Dkt. No. 16. Our reply brief responds to the arguments set forth in his corrected brief. See Dkt. No. 16-3.

decision in Martinez to conclude that a defect in meeting the statute of limitations should be raised by a challenge to the court's jurisdiction.").

In Martinez, the service member in the Army Reserves was separated from active duty in 1992 and was transferred to another unit in the Army Reserves, in which he served on inactive duty until his discharge in 1997. 333 F.3d at 1299. The service member filed an application before the Army Board for Correction of Military Records ("ABCMR") in March 1995, and filed a wrongful discharge claim in this Court in August 1998. Id. at 1300. The United States Court of Appeals for the Federal Circuit rejected the service member's argument that the statute of limitations should not begin to run until the service member's discharge from inactive duty in the Army Reserves in 1997. Id. at 1310-11 & n.3.

The court of appeals explained that: "Mr. Martinez's cause of action did not accrue at the time he was discharged from the United States Army Reserve." 333 F.3d at 1311 n.3. "Between 1992 and 1997, Mr. Martinez was a member of the Reserves, but not serving on active duty." Id. "Because Mr. Martinez was separated from active duty in 1992, his monetary and incidental equitable claims with respect to his active duty status accrued at that time, not in 1997." Id. (emphasis supplied). Accordingly, the court of appeals held that "Mr. Martinez's cause of action for recovery of the monetary losses he suffered as a result of his discharge from active duty, and for the ancillary equitable relief that he sought in his complaint, accrued on the date of the discharge." Id. (emphasis supplied).

The court of appeals used the phrases, "separated from active duty," and "discharge from active duty," interchangeably in the Martinez decision, when discussing the moment when the statute of limitations began to run. 333 F.3d at 1310-11 & n.3. Commander Havens, however, cites 32 C.F.R. § 724.107, which provides: "In the context of the review function [for the Naval

Discharge Review Board] prescribed by 10 U.S.C. 1553, a discharge or dismissal is a complete separation from the Naval Service, other than one pursuant to the sentence of a general court-martial." Section 724.107, however, is not relevant to the statute of limitations analysis. The court of appeals in Martinez implicitly rejected any notion of a "complete separation" requirement when it held that the limitations period began to run when the Army Reserve member was transferred from active duty to inactive duty. 333 F.3d at 1310-11.

Commander Havens, nevertheless, focuses upon the word "discharge" in the Martinez decision, takes it out of context, and argues that he was not "discharged" from the Reserve until 2002. Pl. Resp. 5-6. It is of no moment that Commander Havens was discharged from inactive Reserve duty in 2002, because his discharge claim pertains to his "improper release from active duty" in 1996. Am. Compl. 15 (emphasis supplied). "Service members on active duty are entitled to basic pay pursuant to 37 U.S.C. § 204(a), while reservists are paid only for the drills and training they actually attend, see 37 U.S.C. §§ 204(a)(2), 206(a)." Martinez, 333 F.3d at 1311 n.3. As such, a "suit for back pay is limited to the basic pay [the service member] would have received had he remained on active duty, because he would not be entitled to a pay remedy for improper discharge from the Reserves." Id. Accordingly, the court of appeals held in Martinez that, "[i]f [the service member] is entitled to the money that forms the basis for his Tucker Act suit, that right accrued [at the time of separation from active duty] when he was deprived of the money that is the subject of the action." Id. at 1311.

Commander Havens filed his discharge claim (or "improper release" claim) more than eleven years after the date when his active duty ceased in 1996. Am. Compl. 15. The en banc decision in Martinez holds that such a claim is time barred. The discharge claim, therefore, should be dismissed pursuant to Rule 12(b)(1) and 28 U.S.C. § 2501.

## II. COMMANDER HAVENS HAS NO MEANINGFUL RESPONSE TO OUR DEMONSTRATING THAT THE DISABILITY CLAIM IS TIME BARRED

Commander Havens has no meaningful response to our opening brief, which demonstrated that the disability claim for retirement and severance benefits is time barred. See Def. Mot. 7-9. The only argument advanced by Commander Havens pertains to "paragraph 3 of the prayer [for] relief," which is a request to "modify the January 2, 2002 decision of the [PEB] and that he be granted benefits or separation pay pursuant to SECNAVINST 1850.4D." Pl. Resp. 1. The PEB's 2002 decision is not relevant to the statute of limitations analysis because the disability claim already had accrued prior to November 7, 2001. Def. Mot. 7-9. Commander Havens does not dispute that he was on notice, prior to November 7, 2001, of (i) his medical condition that was diagnosed in 1995, (ii) the alleged denial of his request for a medical board prior to release from active duty in 1996, and (iii) three adverse BCNR decisions in 2000 and 2001. See id.

Commander Havens, nevertheless, incorrectly argues that the statute of limitations could not begin to run until the PEB's 2002 decision because, "[c]ertainly, no one can be denied benefits without a hearing before a full and fair hearing before a [PEB]" or another disability review board, citing 10 U.S.C. §§ 1214, 1554. Pl. Resp. 7. Section 1214 provides: "No member of the armed forces may be retired or separated for physical disability without a full and fair hearing if he demands it." 10 U.S.C. § 1214 (emphasis supplied). Section 1554 similarly provides for administrative "[r]eview of retirement or separation without pay for physical disability." 10 U.S.C. § 1554 (emphasis supplied). In this case, Commander Havens was released from active duty in 1996, not "for physical disability," but because he was not selected for promotion in two consecutive years. Compl. ¶¶ 10, 22, 23. Sections 1214 and 1554 do not apply in this case and the argument advanced by Commander Havens is without merit.

Finally, Commander Havens asserts that the PEB "was the first appropriate board to consider the claim." Pl. Resp. 6-7. As noted, however, the PEB that convened in 2002 was not the first time that Commander Havens asked for an administrative board to review the disability claim. Commander Havens allegedly requested but did not receive a PEB prior to his release from active duty in 1996 (which triggered the statute of limitations), and then, he elected to pursue administrative remedies before the BCNR for several years (which also would trigger the statute of limitations). See Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005). Later requests for administrative review, such as the proceedings that led to the PEB's 2002 decision, do not toll the statute. See Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990).

The plaintiff's arguments concerning the PEB's 2002 decision are without merit. The disability claim for retirement and severance benefits is time barred and should be dismissed. See 28 U.S.C. § 2501; RCFC 12(b)(1).

CONCLUSION

For these reasons, and for the reasons set forth in our opening brief, we respectfully request that the Court dismiss the entire complaint for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL

STEPHEN C. REYES
Lieutenant Commander
Judge Advocate General's Corps
United States Navy
Office of the Judge Advocate General
General Litigation Division (Code 14)
1322 Patterson Avenue, S.E., Suite 3000
Washington Navy Yard, D.C. 20374-5066

June 18, 2008

CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, a copy of foregoing "DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick