# In the United States Court of Federal Claims

No. 07-780 C

(Filed: July 9, 2008)

| | |
|---|---|
| **WILLIAM HAVENS,** Plaintiff, | * |
| v. | * |
| **THE UNITED STATES,** Defendant. | * |

**ORDER FOR SUPPLEMENTAL INFORMATION**

The Court has concluded that further information concerning the military service of Plaintiff William Havens is necessary in order to assist in consideration of Defendant's Rule 12(B)(1) Motion To Dismiss ("Def.'s Mot.") this case (i.e., for lack of subject matter jurisdiction). Specifically, the parties appear to have imprecisely described the actual status under which Plaintiff served in the Training and Administration of Reserve program and at the Naval Reserve Readiness Center Treasure Island in California. The Court, therefore, ORDERS the parties to address the following inquiries:

> Plaintiff states that he was commissioned an Ensign in the United States Naval Reserve on March 22, 1980. Amended Complaint ¶ III. He never explicitly claims to have been "augmented into the regular" Navy. *See* Plaintiff's Opposition To Defendant's Rule 12(B)(1) Motion To Dismiss ("Pl.'s Opp'n") at 2. Nonetheless, Defendant, in its motion to dismiss, states that Plaintiff "served on active duty in the Navy from March 1980 until his honorable discharge in August 1996" and "in the Reserve from September 1996 until March 1, 2002." Def.'s Mot. at 2.
>
> Again, Plaintiff notes that he never served in the "regular" Navy. Pl.'s Opp'n at 2. He also states that he was on the Reserve active status list as required by 10 U.S.C. § 14002. *Id.* But Plaintiff still confuses matters by describing how he was "released from active duty on 31 August 1996" and thereafter "accepted for affiliation in the Selected Reserve." *Id.* at 3.

The Court understands the term "active duty" to apply to service in the regular branches of the armed services on a full-time basis. For that reason, the Court ORDERS Plaintiff to explicitly clarify the status–active duty or reserve–under which he served in the Navy between 1980 and August 1996 and from September 1996 until March 1, 2002. Did Plaintiff ever work for the Navy in a full-time capacity? If so, why would such work not qualify as service in the "regular" Navy? What specifically are the obligations of one who is on the Reserve active status list pursuant to 10 U.S.C. § 14002 as opposed to the Selected Reserve, if these obligations differ? *See* Pl.'s Opp'n at 2-3. What constitutes the "active duty in the Naval Reserve" mentioned in regard to the Physical Evaluation Board's evaluation as opposed to the "active duty" that ended in August 1996? *See id*. at 3-4. How do both differ from each other, if at all, and from "active duty" in the sense of serving in the military as a full-time occupation? And should the Court consider Defendant's action in August 1996 to be a "discharge"? What actions constitute a military discharge and does the term only apply to release from any sort of military duty?

Plaintiff shall file a memorandum addressing the Court's inquiries as defined above on or before **Wednesday, July 16, 2008**. Defendant may file a memorandum in response on or before **Wednesday, July 23, 2008**. Neither memorandum shall exceed five (5) pages.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge