IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM HAVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-780C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S SUPPLEMENTAL BRIEF
# IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

REGINALD T. BLADES, JR.
Assistant Director

DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL

MARC S. BREWEN
Lieutenant Commander
Judge Advocate General's Corps
United States Navy
Office of the Judge Advocate General
General Litigation Division (Code 14)
1322 Patterson Avenue, S.E., Suite 3000
Washington Navy Yard, D.C. 20374-5066

July 21, 2008

Defendant, the United States, respectfully submits this supplemental brief pursuant to the Court's July 9, 2008 Order.[1] We regret the error in our opening brief (pp. 2, 7, 8) concerning the status of Commander Havens. He did not serve in the regular Navy. The parties agree that Commander Havens: (1) served on active duty in the Reserve from March 1980 until August 1996; (2) was released from active duty in the Reserve in August 1996, (3) served on inactive duty in the Reserve from September 1996 until February 2002; and (4) transferred to the Retired Reserve in March 2002. Pl. Suppl. Br. 2, 4. A record of his service dates is attached. Ex. A.[2]

The United States Armed Forces are comprised of the regular component and the reserve component. 10 U.S.C. §§ 101(b)(12) ("The term 'regular' … means enlistment, appointment, grade, or office in a regular component of an armed force."), 101(c)(6) ("The term 'reserve' … means enlistment, appointment, grade, or office held as a Reserve of one of the armed forces."). Members in a regular component typically serve on active duty for a period of two to eight years, 10 U.S.C. § 505(c), but members in a reserve component may be called upon to serve on active duty as well. 10 U.S.C. §§ 10211, 12301(d), 12310, 12314. "The term 'active duty' means full-time duty in the active military service of the United States." 10 U.S.C. § 101(d)(1). Commander Havens served on active duty (full time) in the Reserve from March 1980 through August 1996. AR 26; Ex. A, Service Record.

Some members in the Reserve who serve on active duty are also performing what is known as "active Reserve duty." The term "active Reserve duty" "means active duty performed by a member of a reserve component of the Army, Navy, Air Force, or Marine Corps, … for a

---

[1] Defined terms in our opening brief have the same meaning in this supplemental brief.

[2] On Exhibit A, "ACTIVE" refers to days served on full time active duty, "AT/ADT" refers to days served on annual training ("AT") or active duty training ("ADT"), and "DR/FD" refers to drills ("DR") or funeral duties ("FD") performed. "WHY" refers to the member's status (0 is point earning status and 9 is retired status). "GRAT," "COURSE," "INAC," and "TOTAL" refer to gratuitous points, course points, inactive duty points, and total retirement points, respectively.

period of 180 consecutive days or more for the purpose of organizing, administering, recruiting, instructing, or training the reserve components." 10 U.S.C. § 101(d)(6)(A); see also 10 U.S.C. § 10211 ("Each armed force shall have officers of its reserve components on active duty (other than for training) … to participate in preparing and administering the policies and regulations affecting those reserve components."); 10 U.S.C. § 12310(b) (describing various duties of members on active Reserve duty). During the relevant time period, there was a Navy program for active Reserve duty known as the Training and Administration of the Reserve ("TAR") program. Commander Havens served in the TAR program, on active duty (full time), from February 1986 through August 1996. AR 31-32; Ex. A, Service Record; see also AR 26.

Commander Havens remained in the Reserve after he left the TAR program. Service members in the Reserve are assigned to one of three major reserve categories: the Ready Reserve, the Standby Reserve, or the Retired Reserve. 10 U.S.C. §§ 10141, 12302, 12306, 12307. Service members in the Ready Reserve may be assigned also to a sub-category, such as the Selected Reserve or the Individual Ready Reserve. 10 U.S.C. §§ 10143(a), 10144(a), 12302, 12304. Commander Havens served in the Selected Reserve within the Ready Reserve, on inactive duty, for most of the time from September 1996 through February 2002. AR 25-26; Ex. A, Service Record; Compl. ¶¶ 30-31, 39-41, 45, 77.

As a member of the Selected Reserve within the Ready Reserve from September 1996 through February 2002, Commander Havens was required to perform "inactive-duty training" (drills typically one weekend each month) and "annual training duty" (two weeks each year). See 10 U.S.C. §§ 101(d)(1), 101(d)(7), 10147(a)(1). "Annual training duty" is a special temporary form of "active duty." 10 U.S.C. § 101(d)(1). When the PEB found in early 2002 that Commander Havens was "not physically qualified for active duty in the USN Reserve," AR

105 (emphasis supplied), the PEB was referring to any form of "active duty" that he might be called upon to perform as a member of the Selected Reserve. This would include annual training duty for two weeks each year (see Compl. ¶ 36) and the possibility of more extended active duty in times of war (see Compl. ¶¶ 39-40). 10 U.S.C. § 10142. The suggestion by Commander Havens that the PEB "misused" the term "active duty" is not correct. See Pl. Suppl. Br. 4.

Despite being on inactive duty for most of the time from August 1996 through February 2002, Commander Havens remained on "active status." "Active status" is defined as the "status of a reserve commissioned officer … who is not … in the Retired Reserve." 10 U.S.C. § 101(d)(4); accord 10 U.S.C. § 10141(b) ("Reserves who are on the inactive status list of a reserve component … are in an inactive status. Members in the Retired Reserve are in a retired status. All other Reserves are in an active status."). "Active status" is not the same as "active duty." Jamerson v. United States, 401 F.2d 808, 810-11 (Ct. Cl. 1968) ("Being in an active status has nothing to do with being on active duty, and being on active duty does not change a Reserve officer's 'status' in the Title 10 sense."). Commander Havens was on "active status" from March 1980 until his transfer to the Retired Reserve in March 2002, but he served on active duty (full time) only from March 1980 through August 1996. AR 26; Ex. A, Service Record.

The Secretary of the Navy is required to maintain a Reserve Active Status List ("RASL") pursuant to 10 U.S.C § 14002. The RASL generally is comprised of all Reserve officers in "active status." 10 U.S.C. § 101(c)(7) ("The … 'reserve active-status list' … contains the names of all officers of that armed force except warrant officers (including commissioned warrant officers) who are in an active status in a reserve component of the Army, Navy, Air Force, or Marine Corps and are not on an active-duty list."). Commander Havens was included on the RASL during the period when he was on active status, from March 1980 through February 2002.

The obligations of a member listed on the RASL may be different from those of a member in the Selected Reserve. A member of the Selected Reserve is on active status, and therefore would be listed on the RASL, but not every member on the RASL is in the Selected Reserve. For example, the RASL has included active status members on active duty (such as Commander Havens from March 1980 until August 1996) and active status members on inactive duty (such as Commander Havens from September 1996 until February 2002), but the obligations of active duty members and inactive duty members are different. In contrast to the time that he served on active duty as a commissioned officer in the Reserve (from March 1980 through August 1996), when Commander Havens was on inactive duty (from September 1996 through February 2002), he no longer worked full-time and no longer received full-time pay or medical or dental benefits. As Commander Havens admits, "[w]hen he transferred to [inactive duty in] the Selected Reserve, his status changed." Pl. Suppl. Br. 3.

Finally, Commander Havens argues that the term discharge has been defined narrowly as "a complete separation from the Naval Service," citing a military jurisdiction regulation.[3] Pl. Suppl. Br. 4 (citing 32 C.F.R. § 724.107). For purposes of military pay and benefits, however, the term "discharge" commonly refers to a separation or release from active duty. See Martinez v. United States, 333 F.3d 1295, 1310-11 & n.3 (Fed. Cir. 2003) (en banc) (using the phrases, "separated from active duty," and "discharge from active duty," interchangeably); 37 U.S.C. § 501(a)(2)("In this section [regarding payments for unused accrued leave], the term 'discharge' means … in the case of an officer, separation or release from active duty under honorable conditions"). The Court need not decide whether the release of Commander Havens from active

[3] Commander Havens inconsistently argues (pp. 2, 4), on the one hand, that discharge requires a "complete separation" from the Naval Service, and on the other hand, that he was discharged in March 2002 upon his transfer to the Retired Reserve, even though members in the Retired Reserve may be required to serve on active duty in times of war. 10 U.S.C. §§ 12301(a), 12307.

duty in 1996 was a discharge, however, because Martinez holds that a release from active duty in a reserve component to inactive duty triggers the statute of limitations. 333 F.3d at 1311 & n.3.

## CONCLUSION

For these reasons, and for the reasons set forth in our opening and reply briefs, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL

MARC S. BREWEN
Lieutenant Commander
Judge Advocate General's Corps
United States Navy
Office of the Judge Advocate General
General Litigation Division (Code 14)
1322 Patterson Avenue, S.E., Suite 3000
Washington Navy Yard, D.C. 20374-5066

July 21, 2008

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008, a copy of foregoing "DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick