# In the United States Court of Federal Claims

No. 07-780 C

(Filed: November 4, 2008)

```
*************************************
WILLIAM HAVENS,                       *
                                      *
                  Plaintiff,          *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
                  Defendant.          *
                                      *
*************************************
```

## OPINION

      Plaintiff alleges that his 1996 release from active duty in the United States Naval Reserve was improper because of his medical condition. He claims that he should have been retained on active duty to receive medical treatment or should have been permitted to retire for medical reasons. He asks the Court to set aside the release from active duty, or alternatively, to grant him disability retirement benefits retroactive to 1996.

      The case is now before the Court on Defendant's Rule 12(b)(1) Motion to Dismiss ("Defendant's Motion"). The Government argues that Plaintiff's Complaint fails to satisfy this Court's six-year statute of limitations. The Court agrees and grants Defendant's Motion.

**I.**    **Background**

      Plaintiff was first commissioned in the United States Naval Reserve in 1980. Am. Compl. ¶ 3. In 1995, he was diagnosed with psoriasis and psoriatic arthritis. *Id.* ¶ 12. Plaintiff was not selected for promotion for Fiscal Year 1996. *Id.* ¶ 10. He asked the Naval Reserve to begin the process of evaluating him for a physical disability by convening a medical board, but no action was taken. *Id.* ¶¶ 19-21. In 1996, after not being selected for promotion a second time, Plaintiff was released from active duty, as required by 10 U.S.C. § 14506. Am. Compl. ¶¶ 22-23, 30. After he was released from active duty in 1996, Plaintiff continued serving in a different component of the Naval Reserve until 2002, when he retired from the Naval Reserve. *Id.* ¶¶ 28, 30, 77.

      Since 1996, Plaintiff has challenged his release from active duty on a number of

occasions. On November 11, 1999, Plaintiff filed an application with the Board for Correction of Naval Records ("BCNR"), seeking to have his 1996 release for failure to be promoted reversed and a medical board convened to determine if he was eligible for disability retirement. BCNR Admin. R. 167. By letter dated June 13, 2000, the BCNR denied Plaintiff's application. *Id.* at 154. For several years, Plaintiff continued to challenge his 1996 release from active duty within the Navy until he eventually filed a Complaint at this Court on November 7, 2007.

## II.     Analysis

### A.     Standard of Review

In considering Defendant's Motion, the Court treats all of Plaintiff's well-pleaded allegations as true and draws all reasonable inferences in Plaintiff's favor. *See Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998). However, the burden of establishing jurisdiction rests with Plaintiff. *See Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). And the six-year statute of limitations set forth in 28 U.S.C. § 2501 is a limitation on the Court's Tucker Act jurisdiction. *See John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750, 753-55 (2008). The Court must dismiss Plaintiff's claims if they first accrued more than six years before he filed his Complaint in this Court.

### B.     Wrongful Discharge Claim

Plaintiff alleges that the Naval Reserve wrongfully released him from active duty in 1996. Compl. at 15. He seeks restoration to active duty with pay and benefits retroactive to September 1, 1996. *Id.*

"In a military discharge case, . . . the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). "If the plaintiff does not file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501, the plaintiff loses all rights to sue for the loss of pay stemming from the challenged discharge." *Martinez*, 333 F.3d at 1304.

Plaintiff argues that his 1996 release from active duty was not a discharge. Plaintiff insists that he was not actually discharged until he retired in 2002, and therefore his claims are not time-barred. However, as Defendant points out, it was exactly this sort of situation that the Federal Circuit considered in *Martinez*. 333 F.3d at 1310 n.3. In *Martinez*, the plaintiff was separated from active duty in 1992. *Id.* From 1992 to 1997, Mr. Martinez continued to serve in the United States Army Reserve, but not on active duty. *Id.* Although the final 1997 separation from the Army Reserve was within six years of the date Mr. Martinez filed his complaint, the claim was still time-barred because it was clear to the Federal Circuit "that Mr. Martinez's cause of action did not accrue at the time he was discharged from the United States Army Reserve" in 1997. *Id.*

Regardless of any ambiguity as to when Plaintiff can properly be said to have been

discharged from the Naval Reserve, the relevant date here is undoubtedly the 1996 release from active duty. As the Federal Circuit explained in *Martinez*, "[b]ecause Mr. Martinez was separated from active duty in 1992, his monetary and incidental equitable claims with respect to his active duty status accrued at that time, not in 1997." *Id.* Thus, in *Martinez*, the Federal Circuit, sitting en banc, expressly rejected the argument Plaintiff now advances. Plaintiff's claim for improper release from active duty accrued at the time of that release in 1996, and is now time-barred.

### C.   Disability Retirement Claim

Alternatively, Plaintiff argues that he should have been found unfit for active duty in 1996 and granted disability retirement benefits. Am. Compl. ¶¶ 85-87. The Government argues that this claim also accrued when Plaintiff was released from active duty in 1996 or, at the latest, in June 2000. Plaintiff again argues unconvincingly that the claim accrued in 2002.

Claims for disability retirement pay accrue when "the appropriate military board either finally denies such a claim or refuses to hear it." *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005). Thus, "if at the time of discharge, the service member requested review by an appropriate board and the request was denied, . . . then the limitations period begins to run upon discharge." *Id.* at 1225.

According to his own allegations, Plaintiff requested an evaluation by a medical board before discharge from active duty and that request was not granted, so the claim may well have accrued when he was released from active duty in 1996. In Plaintiff's Amended Complaint, he alleges that before his discharge he "asked that a medical board . . . be scheduled," which would have been "the first step in the physical disability process." Am. Compl. ¶ 19. But "[n]o action was ever taken by Air Force or Navy medical personnel." *Id.* ¶ 21. Allegedly, Plaintiff was informed that "the Commanding Officer did not want to do a medical [b]oard because it could delay plaintiff's discharge and because the facility was understaffed due to [its] impending closure." *Id.* ¶ 26.

But even if the disability retirement claim did not accrue in 1996, it would still be time-barred because there can be no question that it had accrued by June 2000, when the BCNR issued a decision denying Plaintiff's application for relief. When a service member first brings a disability retirement claim before the BCNR, the plaintiff's cause of action accrues upon that board's final decision. *See Friedman v. United States*, 310 F.2d 381, 396 (Ct. Cl. 1962). Here, Plaintiff raised his disability retirement claim in his November 11, 1999 application to the BCNR, in which he requested that his separation from active duty be reversed due to a finding of disability. BCNR Admin. R. 154, 167. The BCNR denied Plaintiff's application on June 13, 2000, and the statute of limitations began to run, if it had not already.

Plaintiff argues that the statute of limitations did not begin to run in June 2000 because the BCNR was not the appropriate board. Rather, Plaintiff believes that another board's 2002 decision started the clock. In January 2002, shortly before Plaintiff retired but well after the

2000 BCNR decision, a Physical Evaluation Board found him "not physically qualified for active duty in the Naval Reserve." Am. Compl. ¶ 76. According to Plaintiff, "[i]t was not the action of the BCNR that triggered the cause of action, but the actions of the Physical Evaluation Board." Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 6. "Until the Physical Evaluation Board acted, plaintiff could not assert the disability claim in this or any other court," Plaintiff argues, because "the Physical Evaluation Board was the first appropriate board to consider the claim." *Id.* at 6-7. In support of this proposition, Plaintiff asserts that Defendant misapplies *Chambers*. Pl.'s Opp'n 7.

In fact, it is Plaintiff, not Defendant, who misconstrues *Chambers*. *Chambers*, in its repeated references to "the Correction Board," makes clear that the BCNR, or Board for Correction of Naval Records, is an appropriate board. 417 F.3d at 1225 (citing *Friedman*, 310 F.2d at 396). Moreover, *Chambers* expressly states that *Friedman's* "first competent board rule" stands. *Id.* Often, the BCNR is not the first board to hear a service member's claim. However, when the BCNR is the first board to hear the claim, it still qualifies as the competent, appropriate board, and the "cause of action accrues upon the Correction Board's final decision." *Friedman*, 310 F.2d at 396. Plaintiff's disability retirement claim accrued no later than June 13, 2000. His 2007 Complaint fails to satisfy the statute of limitations.

## III.   Conclusion

Defendant's Motion is GRANTED. The Clerk of the Court is directed to dismiss Plaintiff's Amended Complaint.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge
